321 P.2d 1012

A. P. THOMPSON, Appellant,

v.

Harry A. QUANDT and Crystal Standley Quandt, his wife, Appellees.

No. 6298.

Supreme Court of Arizona.

Feb. 26, 1958.

344

Herbert B. Finn, Stephen S. Gorey and Charles Hardy, Phoenix, for appellant.

Walter Linton, Phoenix, for appellees.

WINDES, Justice.

The appellant, A. P. Thompson, sued appellees, Harry A. Quandt and wife, for personal injuries alleged to have resulted from the negligent operation of an automobile. The parties will be designated as they appeared in the trial court. From verdict and judgment for the defendants plaintiff appeals.

The accident occurred at the intersection of East Van Buren running east and west and North First Street going north and south in Phoenix. Van Buren has three eastbound and three westbound lanes. Defendants were proceeding east on Van Buren in the north eastbound lane and signalling for a left turn to go north on First Street. They were approaching a car going west signalling a left turn to the south. This car signalled defendants to make their turn in front of him which defendants did. Plaintiff was crossing First Street from east to west in the pedestrian crosswalk

and was struck by defendants' car. There was testimony from which the jury could have found that when defendants attempted the negotiation of their turn Van Buren Street was clear of westbound traffic which would permit the turn; that when defendants turned into the westbound traffic lanes, another car came from behind the car which intended to turn south and which had signalled defendants to make their turn north, creating a situation whereby it became necessary to avoid a collision of the two cars; that defendants accelerated their speed and plaintiff was struck. Defendant-driver testified that when he started his turn, the pedestrian walk was clear but the car which changed lanes obstructed his view and he did not see plaintiff until he was within three feet of him. There was also evidence that plaintiff was walking fast, looking to his rear for possible westbound traffic that might turn north but did not look to the center for eastbound traffic that might turn north.

■ The court instructed the jury as to the standard of care required of one when presented with a sudden emergency. Plaintiff does not question the correctness of the instruction if justified from the evidence but claims there was no fact situation which warranted giving the same. It is argued that defendants were negligent in turning into the path of an oncoming car and are not entitled to the benefit of a sudden emergency instruction when the emergency was created by their own fault. The instruction required that the emergency be created without defendants' fault before it was applicable. Whether the instruction was properly given depends upon whether the jury was entitled under the circumstances to determine defendants were not negligent in making the turn as heretofore related. We think the jury could so find. Section 66–164g, 1952 Supp., A.C.A.1939 (now A.R.S. § 28–772) provides that a driver intending to turn to the left shall yield the right of way to vehicles approaching from the opposite direction which are within the intersection or so close thereto as to constitute an immediate hazard and all other approaching vehicles shall yield the right of way to the vehicle making the turn. The jury could have determined that there was no approaching vehicle that constituted an immediate hazard. If such be a fact, there was no negligence in making the turn. If the road was clear and a reasonably prudent person would not anticipate that a car would come from behind the car waiting to go south and thereby block his passage, he was not negligent. If there was no negligence in turning, the emergency was not the fruit of his own fault. The instruction was properly given.

■■ The trial court gave an instruction on contributory negligence. Exception is taken to this upon the ground there is no evidence that could be a legitimate basis for the instruction. Relative to this

question was an instruction which told the jury that pedestrians had the right of way but that such was not exclusive and that in exercising such right of way pedestrians must use reasonable care and caution to protect themselves from danger. Unquestionably, a pedestrian lawfully crossing an intersection has the right of way over vehicles. Section 66–153g, 1952 Supp., A.C.A.1939 (now A.R.S. § 28–645). This does not mean that pedestrians are free from the obligation to use reasonable care under the circumstances. The statute does not permit one to proceed in total disregard of traffic conditions when reasonable care would enable him to observe and avoid an accident. The plaintiff proceeded across the intersection without attempting to observe whether any vehicle was approaching from the center of the intersection. Unquestionably, the jury was entitled to find that he was negligent and that such conduct contributed to the accident. Grass v. Ake, 154 Ohio St. 84, 93 N.E.2d 590. The identical instruction to the effect that the right of way which a pedestrian enjoys is not exclusive was approved in Knight v. Pang, 32 Wash.2d 217, 201 P.2d 198. All the instruction means is that having the right of way does not exclude the necessity of one using reasonable care for his own protection under the circumstances then and there existing.

The trial judge, in denying plaintiff's motion for a new trial, expressed the opinion that if he had been trying the case he would have decided it differently. Plaintiff contends that being of such a view the judge abused his discretion in not granting a new trial. There is no merit to such a proposition. The trial judge may weigh the evidence and in the exercise of a sound discretion grant or deny a new trial. General Petroleum Corporation v. Barker, 77 Ariz. 235, 269 P.2d 729. He is not compelled, however, to grant a new trial merely because he disagrees with the result. Kincaid v. Walla Walla Valley Traction Co., 57 Wash. 334, 106 P. 918. It is entirely possible that the trial judge might believe the jurors in a given case arrived at a more just verdict than he could.

The judgment is affirmed.

UDALL, C. J., and STRUCKMEYER and JOHNSON, JJ., concur.

PHELPS, Justice (dissenting).

I feel constrained to dissent in this case upon two grounds. First, because I believe it constituted reversible error for the court to give an instruction on an emergency for the reason that defendant Quandt created the emergency by his own negligence. He had no right to rely upon a signal to cross the westbound traffic lanes given him by the driver of the car about to turn south on First Street. Consequently, it was his duty under such circumstances to know two things with reason-

able certainty: first, that he could proceed to the north across westbound traffic on Van Buren Street without danger of collision with a westbound car, and second, that the crosswalk for pedestrians on the north side of Van Buren could be safely crossed without injury to pedestrians lawfully in the use thereof. It is very obvious from what happened that he could do neither.

It is clear to me that defendant Quandt was guilty of negligence in driving his car into the middle lane of westbound traffic at the time he did and that it was his own negligence that created the emergency upon which the court's instruction rests. This being true he did not have the legal right to rely upon an emergency to relieve him of liability to plaintiff. Western Truck Lines, Ltd. v. Berry, 52 Ariz. 38, 78 P.2d 997. It was therefore reversible error to give an instruction based on an emergency.

Secondly, it is my view that it was error to give an instruction on contributory negligence in this case. It is conceded that the plaintiff had the right of way at the time and place over the vehicle driven by defendant. Even if it were conceded that plaintiff was negligent in not keeping a proper lookout for vehicles coming from the west on Van Buren Street which might want to turn north on First Street at that intersection, the principle of law certainly cannot be questioned that unless his negligence was shown by the evidence to be a proximate cause of his injury, the question of contributory negligence should not have been submitted to the jury.

The evidence is not in dispute as to either plaintiff's or defendant Quandt's actions at the time and place the accident and injury occurred. Therefore, the court had the right and it was its duty to determine as a matter of law whether plaintiff's negligence, if any, was or was not a contributing proximate cause of his injury. If it was a proximate cause, it was the duty of the court to instruct on contributory negligence. If it did not proximately contribute to his injury, it was reversible error to instruct on it. Neither defendant Quandt nor his wife saw plaintiff until their truck was within three feet of him, nor did plaintiff see defendants' car until it was right on him. Defendant Quandt testified that he "stepped on it" when he had driven into the second lane north of the center line of Van Buren and saw a westbound car come "sailing" around the car which had given him the signal to proceed north. Mrs. Quandt testified that when she first saw plaintiff he was within approximately three feet of the front of their car and that she then told her husband to stop and he then put on the brakes.

According to measurements taken by an officer based upon physical evidence, plaintiff was struck by the vehicle seventeen feet west of the east curb of First Street and seven and one half feet north of the

north curb of Van Buren Street. Defendants' car apparently was stopped across the lane immediately north of the center line of Van Buren Street. The two other lanes were each eleven feet wide. This placed defendants' car approximately twenty-nine and one half feet from where the car "bumped" plaintiff. Therefore, if plaintiff had been watching defendants' car from the time he left the east curb until the time of his injury, plaintiff could not possibly have avoided being struck by defendant Quandt who had "stepped on it" when he saw the car come "sailing" around the westbound car which was waiting in the intersection for an opportunity to go south on First Street. Defendant Quandt didn't see plaintiff until his car struck plaintiff, and he was not told by his wife to "stop" until his car was approximately three feet from plaintiff. I contend, therefore, as a matter of law from the undisputed evidence that if plaintiff was negligent, his negligence did not in anywise contribute to his injury. Plaintiff had the right to presume that defendants would not suddenly speed from Van Buren north across the pedestrian lane lawfully being used by him and where he had the right of way over defendants. Of course, I would make no such contention if the evidence in this case relating to contributory negligence was in conflict.

The judgment, in my opinion, should be reversed for the reasons above stated.