396 P.2d 619

STATE of Arizona, Appellee,

v.

Adrian G. ROSS, Appellant.

No. 1388.

Supreme Court of Arizona.

En Banc.

Nov. 19, 1964.

Charles N. Ronan, County Atty., Maricopa County, and Frank E. Dickey, Jr., Deputy County Atty., for appellee.

JACK L. OGG, Superior Court Judge.

The trial judge granted a new trial to the State of Arizona after the jury found Appellant, Adrian G. Ross, not guilty in a civil paternity suit brought under the provisions of Section 12–841, Arizona Revised Statutes, 1956.

In the order granting the new trial, the Court stated: "It is the opinion of the court that the verdict is contrary to the weight of the evidence. A visual inspection of the child was extremely strong corroboration of the testimony of the mother."

It is Appellant's position that the trial court exceeded its discretion in ordering a new trial, because the judge lacked authority to substitute the judgment of the court for the jury verdict when the judge's reason for such action was based on his opinion that the child had a strong resemblance to the appellant, Adrian G. Ross. The Appellant now asks this court to vacate the Order For New Trial and reinstate the verdict and judgment of the jury.

The sole issue to be determined in this appeal is whether there was an abuse of discretion when the trial court ordered the new trial. To determine if there was an abuse of discretion, we must look at Rule

Struckmeyer & Whitney, Phoenix, and R. Kelly Hocker, Tampe, for appellant.

59(a) 8 and Rule 59(m), Rules of Civil Procedure, 16. A.R.S.:

"59(a) Procedure; grounds. A verdict, decision or judgment may be vacated and a new trial granted on motion of the aggrieved party for any of the following causes materially affecting his rights:

"8. That the verdict, decision, findings of fact, or judgment is not justified by the evidence or is contrary to law."

"59(m) Specification of grounds of new trial in order. No order granting a new trial shall be made and entered unless the order specifies with particularity the ground or grounds on which the new trial is granted."

█ It is the rule in this State that if a trial court does not comply with Rule 59(m) and fails to list any of the grounds for a new trial as set out in Rule 59(a) or fails to specify with particularity the grounds as required by Rule 59(m), the remedy is to petition this court to require compliance with the rules. As a corollary to this rule, this court has held that if there is a failure by the trial judge to comply and if there are any valid grounds set forth in the motion for new trial, this court will presume the trial judge acted upon a legally sufficient ground as set out in the motion for new trial. Gray v. Gardiner, 92 Ariz. 208, 375 P.2d 562; Caldwell v. Tremper, 90 Ariz. 241, 367 P.2d 266; Pima County v.

Bilby, 87 Ariz. 366, 351 P.2d 647; Zevon v. Tennebaum, 73 Ariz. 281, 240 P.2d 548; Mendez v. Moya, 54 Ariz. 44, 91 P.2d 870.

Since there was no request made to force the trial court to specify additional grounds or to state the given grounds with more particularity, we must look to what was actually done in the case.

Appellant urges that there is a great difference in the meaning of the two phrases "not justified by the evidence" as used in Rule 59(a) 8 and in the phrase "contrary to the weight of the evidence" as used by the trial court.

There could be little argument that the trial court would have discretion to order a new trial in a conflicting evidence case such as this if the judge had framed his order under the terminology of Rule 59(a) 8. For example, if the Order For New Trial had stated as follows: "The Court finds the jury verdict was not justified by the evidence for the reason that the mother's testimony, along with a visual inspection of the child, when considered with the opposing evidence in the case, compels this court to grant a new trial." An analysis of the order entered by the trial court in this case shows that the judge said substantially the same thing when he said:

"It is the opinion of the court that the verdict is contrary to the weight of the evidence. A visual inspection of the child was extremely strong corrob-

oration of the testimony of the mother.

"IT IS FURTHER ORDERED granting the State's motion for new trial."

In this case, we find the trial court's order to come within Rule 59(a) 8. The phrase "not justified by the evidence," when compared to the meaning of the phrase "contrary to the weight of the evidence," may have fine distinctions in other phases of the law, but when dealing with a trial court's discretion to grant a new trial in a conflicting evidence case any fine semantic distinction is meaningless. No matter what the process is called, the trial court is still sitting as a thirteenth juror to determine if there is sufficient and competent evidence to justify the verdict in an attempt to see that justice is done.

The general philosophy of the law in a case such as this was set forth in Sadler v. Arizona Flour Mills Co. (1942) 58 Ariz. 486, 121 P.2d 412, wherein the court said:

"The granting of a new trial is different from an order refusing a new trial, for in the former the rights of the parties are never finally disposed of as in the latter they may be. The courts accordingly are more liberal in sustaining an order for new trial than where it is denied."

\*     \*     \*     \*     \*     \*

" \* \* \* We have quite definitely taken the stand that we will not reverse the trial court for granting a new trial where the evidence is conflicting. \* \* \*"

In the case of General Petroleum Corp. v. Barker, 77 Ariz. 235, 269 P.2d 729, the court said:

"We have examined the cases \* \* and have come to this conclusion: A motion for new trial upon the ground the verdict is against the weight of the evidence, is addressed to the sound discretion of the trial court, and in ruling thereon the trial court may weigh the evidence. \* \* \*"

Also, in the case of Brownell v. Freedman, 39 Ariz. 385, 6 P.2d 1115, this court held:

"The trial judge, so far as this duty is concerned, sits as a thirteenth juror, and he, as well as the jury, must be convinced that the weight of the evidence sustains the verdict, or it is his imperative duty to set it aside \* \* \*."

See also Smith v. H. S. Maroney, 79 Ariz. 35, 282 P.2d 470; Young Mines Co. v. Citizens State Bank, 37 Ariz. 521, 296 P. 247.

The transcript of the trial has been studied, and in the conflicting evidence we cannot say the trial court abused its discretion.

The judgment of the trial court is affirmed.

UDALL, C. J., LOCKWOOD, V. C. J., and BERNSTEIN and SCRUGGS, JJ., concur.

NOTE: Justice STRUCKMEYER having announced his disqualification, the Honorable JACK L. OGG, Judge of Superior Court, Yavapai County, was called to sit in his stead.