399 P.2d 124

Alexander B. AGUILAR and Dolores Aguilar, husband and wife, Appellants,

v.

D. C. CARPENTER and Josephine Carpenter, husband and wife, Appellees.

No. 2 CA–CIV 30.

Court of Appeals of Arizona.

Feb. 16, 1965.

Chandler, Tullar, Udall, & Richmond, by D. B. Udall, Tucson, for appellants.

Boyle, Bilby, Thompson, & Shoenhair, by W. E. Dolph, Jr., Tucson, for appellees.

HATHAWAY, Judge.

The appellees, hereinafter referred to as the plaintiffs, brought an action in Superior Court against the appellants, hereinafter referred to as the defendants, to recover for personal injuries sustained by the plaintiff-wife in an automobile accident. The jury returned a verdict for the defendants, judgment was rendered thereon, and the defendants have entered this appeal from the trial court's order granting the plaintiffs' motion for a new trial.

The accident resulted from a two-car collision which occurred shortly before midnight at a street intersection controlled by traffic lights. The sole witnesses to the accident who testified at the trial were (1) the injured plaintiff, driver of one vehicle involved, (2) the defendant, driver of the other vehicle involved, and (3) a passenger in the defendant's vehicle. The plaintiff testified that she had been driving in an easterly direction and that she had come to a full stop at the intersection. The only time she saw the defendant's car was while she was stopped, waiting for the light to change. The defendant was then approximately 100 to 150 feet away from the intersection, driving in a southerly direction, and approaching the intersection at a moderate rate of speed. After the light turned green, plaintiff drove into the intersection. The defendant testified that the green light was with him as he entered the intersection and that he did not see the plaintiff until just before the impact. His passenger's testimony was substantially the same. Defendant applied his brakes and swerved his car in an unsuccessful attempt to avoid a collision.

The trial court's order granting the plaintiffs' motion for a new trial stated the following grounds:

"1. The court committed error in its charge to the jury by refusing to give plaintiffs' requested instruction on 'last clear chance.'

"2. The court committed error in its charge to the jury by refusing to give plaintiffs' requested instruction on burden of proof.

"3. The court committed error in its charge to the jury by giving defendants' requested instruction on contributory negligence over plaintiffs' objection.

"4. The court committed error in ruling that plaintiffs' attorney was not entitled to fully cross-examine defendant Alexander Aguilar in connection with a prior statement made by said defendant which was inconsistent with his testimony at trial.

"5. The court committed error in admonishing plaintiffs' attorney during his argument to the jury, that he could not argue that defendant was designing his statement to the investigating officer so as to avoid receiving a citation, and in ruling that such argument was improper, thereby depriving the plaintiff of a fair trial.

"6. Neither the verdict nor the judgment rendered thereon is justified by the evidence for the reason that said verdict, and judgment are contrary to the weight of all the evidence."

The defendants contend that the trial court erred in granting plaintiffs' motion for a new trial and that none of the grounds stated are valid. If any one of the reasons given is good, this court must affirm the order granting a new trial. General Petroleum Corp. v. Barker, 77 Ariz. 235, 269 P.2d 729, 732.

We agree with the defendants that the trial court did not err in refusing to give plaintiffs' requested instruction on "last clear chance." A prerequisite to the application of the doctrine of "last clear chance" in a situation where an inattentive plaintiff's negligence continues up to the time of the accident is evidence that the defendant actually *saw* or *knew* of the plaintiff's situation and realized or ought to have realized that the plaintiff was inattentive. American Smelting & Refining

Co. v. Wusich, 92 Ariz. 159, 167, 375 P.2d 364; Odekirk v. Austin, 90 Ariz. 97, 102, 366 P.2d 80; Restatement of the Law, Torts, § 480. In the instant case, there is no showing that the defendant saw or knew of the plaintiff's situation.

The defendants are correct in their assertion that the trial court's refusal to give plaintiff's requested instruction on burden of proof was not erroneous. The record discloses the trial court properly instructed the jury on burden of proof. Where other instructions properly inform the jury as to the issues, it is not error to refuse requested instructions covering the same subject matter. Gibbons v. Williams, 93 Ariz. 116, 119, 378 P.2d 926.

Defendants vigorously contend that the following instructions on contributory negligence which were given in the court below over plaintiffs' objection are a correct statement of the law:

"You are instructed that even if you find that the defendant Alexander Aguilar was negligent, if you find that the plaintiff Josephine Carpenter was also negligent, and that her negligence contributed to her injuries in this case, your verdict *must* be for the defendants." (Emphasis added).

\* \* \* \* \* \*

" * * * Thus, if you find that both the defendant Alexander Aguilar and the plaintiff Josephine Carpenter were guilty of negligence, and that the negligence of both contributed to the damages, you are instructed that your verdict *must* be for the defendants." (Emphasis added)

We cannot agree with defendants' contention. Instructions in this form have been held to be violative of the constitutional mandate that the defense of contributory negligence shall, in all cases whatsoever, be a question of fact and shall at all times be left to the jury. Ariz. Const. Art. 18, § 5, A.R.S.; Deering v. Carter, 92 Ariz. 329, 331, 376 P.2d 857; Trojanovich v. Marshall, 95 Ariz. 145, 388

P.2d 149, 150. The court is precluded from instructing the jury as to what conduct constitutes contributory negligence. Wolfswinkel v. Southern Pacific Co., 81 Ariz. 302, 306, 305 P.2d 447. The mandatory form of instruction given in the instant case was erroneous, and the trial court properly granted a new trial on the grounds that it had erred in giving such instruction.

The trial court did not err in limiting cross-examination, since the record discloses no imposition of limitations by the trial judge on plaintiffs' counsel's cross-examination of defendant Alexander Aguilar.

The lower court is to be commended for admitting error in admonishing counsel during final argument to the jury. Admonition by a trial judge often operates to discredit counsel in the eyes of jurors. Wide latitude is allowed attorneys in discussing in argument to the jury the facts supplied by the evidence and the inferences to be drawn therefrom. Beliak v. Plants, 93 Ariz. 266, 379 P.2d 976, 978. Counsel may properly comment on the conduct and credibility of the opposing party or his witnesses where there is evidence adduced during the trial to sustain his statements. 88 C.J.S. Trial § 185.

It is well settled that a motion for a new trial is addressed to the sound discretion of the court and the court may exercise considerable discretion in granting or denying the motion. 66 C.J.S. New Trial § 201a; Sanchez v. Stremel, 95 Ariz. 392, 394, 391 P.2d 557; Waid v. Bergschneider, 94 Ariz. 21, 24, 381 P.2d 568. This court has limited power to reverse the action of a trial judge in granting a new trial for the reason that the verdict is not justified by the evidence, Gillespie Land & Irrigation Co. v. Gonzalez, 93 Ariz. 152, 160, 379 P.2d 135, and will not set aside an order granting a new trial unless it is apparent that the trial court has abused its discretion. Sanchez v. Stremel, supra; Caldwell v. Tremper, 90 Ariz. 241, 245, 367 P.2d 266. The probative force of the evi-

dence in support of the verdict is not of such magnitude as to clearly demonstrate that the trial court's action in granting a new trial was wrong and unreasonable. Absent such a showing this court will not disturb the trial court's order.

 Defendants contend that the verdict of the jury on the issue of contributory negligence was binding on the court. Although our constitutional provision, Ariz. Const. Art. 18, § 5, provides that the issue of contributory negligence shall be for the jury, the verdict may be upset and a new trial granted. This constitutional provision is no limitation upon the trial court to grant a new trial, as the purpose of the provision is sufficiently met by according a jury upon the new trial. General Petroleum Corp. v. Barker, supra.

Defendants submit that a new trial is a waste of time as an adverse verdict would enable the plaintiffs to seek another new trial, and that this could continue ad infinitum until plaintiffs succeed in procuring a verdict. Such argument is without merit. Rule 59(k) of the Arizona Rules of Civil Procedure, 16 A.R.S., states:

> "Not more than two new trials shall be granted to either party in the same action, except when the jury has been guilty of some misconduct or has erred in matters of law."

In accordance with the foregoing, it is ordered that the order granting plaintiffs' motion for a new trial be affirmed.

KRUCKER, C. J., and MOLLOY, J., concur.