427 P.2d 553

Tom V. MONTALVO and Mary T. Montalvo, his wife, Appellants,

v.

HARTFORD FIRE INSURANCE COMPANY, a corporation, Monarch Life Insurance Company, formerly known as Springfield Insurance Company, a corporation, Merchants Fire Insurance Corporation of New York, a corporation, the American Insurance Company, a corporation, and Continental Insurance Company, a corporation, X Corporation, Y Corporation and Z Corporation, Appellees.

No. 2 CA–CIV 364.

Court of Appeals of Arizona.

May 17, 1967.

Rehearing Denied June 16, 1967.

Review Denied Sept. 26, 1967.

**420**

Rawlins, Ellis, Burrus & Kiewit by Norman D. Hall, Jr., Phoenix, Stanfield & McCarville, Eloy, for appellants.

Jack M. Anderson, Phoenix, for appellees.

KRUCKER, Judge.

Mr. and Mrs. Montalvo were plaintiffs in a Superior Court action to recover from the defendant insurance companies for losses sustained when their property was totally destroyed by a fire on January 28, 1965. The defendant insurers admitted the insurance contracts, the correctness and timeliness of the filing of proofs of loss, as well as the amount of the loss. They denied coverage on the ground that Mr. Montalvo, either as an individual or acting in concert with someone else, had intentionally set fire to the subject premises and was thereby guilty of perpetrating a fraud on the insurers in asserting claims for the fire loss.

The case was tried to a jury which returned a verdict in favor of the plaintiffs against the defendants in the sum of $32,-

340.06. Judgment was entered thereon and defendant timely moved for a new trial on the grounds that:

"1. The jury verdict is not justified by the evidence and is contrary to the overwhelming weight of the evidence, and is contrary to law.

"2. The jury verdict is the result of prejudice."

■ Judge Stidham, the trial judge, by minute entry order, granted the motion for a new trial. Since his resignation from the trial bench became effective the very date of this minute entry, the subsequent formal, signed order granting the new trial was signed by Judge Mahoney. Neither the minute entry order nor the formal, signed order, satisfied the "particularity" requirement of Rule 59(m), Arizona Rules of Civil Procedure, 16 A.R.S. In fact, both were completely silent as to the grounds for granting the new trial. This appeal followed.[1]

Appellants' opening brief filed herein states:

"The sole issue to be decided on appeal is whether or not the trial court committed reversible error by failing to comply with Rule 59(m), A.R.C.P., when granting Defendants' Motion for a New Trial."

Their contention is that the failure of the trial court to specify with particularity the grounds for granting the new trial mandates reversal of the order and reinstatement of the jury verdict.

Appellees filed no answering brief within the time prescribed by Rule 5(f), Rules of the Supreme Court, 17 A.R.S., and have made no attempt to file one as of this date. Appellants have moved this Court to submit the matter for decision because of appellees' failure to file said brief. Appellees immediately responded by filing a document entitled "motion to dismiss, motion to specify grounds, or motion to re-

1. Although the notice of appeal designates both the minute entry order and the formal, signed order as the orders being appealed from, only the latter order is in appealable form. State v. Birmingham, 96 Ariz. 109, 392 P.2d 775 (1964).

mand to specify grounds." They never requested, pursuant to Rule 11, Rules of the Supreme Court, 17 A.R.S., an extension of time within which to file an answering brief.

■ It would appear that appellees' counsel considers the filing of motions to be the equivalent of filing an answering brief. However, we find no counterpart authority in the rules governing appellate procedure to Rule 12(b), Arizona Rules of Civil Procedure, 16 A.R.S.[2]

Appellees' response to appellants' motion to submit states:

"THEREFORE, this case should be decided on its merits based on the Appellant's brief, the Motions filed by the Appellees, and any supplemental replies which this court might deem proper."

We construed this to mean appellees did not intend to favor this Court with a brief and, therefore, the Court granted the appellants' motion to submit.

■ No useful purpose would be served to set forth in detail the contents of appellees' motions. They are accompanied by Judge Stidham's affidavit which states that he granted the new trial on the "grounds that the verdict was contrary to the weight of the evidence." In substance, appellees request this Court to consider this affidavit and either (1) amend the order granting the motion for a new trial to state that it was granted on the ground that the verdict was contrary to the weight of the evidence or, (2) if this Court feels that its only authority is to remand the case to the lower court for such amendment, then this Court should instruct the lower court on the reason as set forth in the affidavit.

Apart from the fact that alternative (1) is not within the purview of Rule 75(h), Arizona Rules of Civil Procedure, 16 A.R.S., neither alternative is available to appellees. Were this Court to consider the affidavit, the propriety of which we do not now pass upon, it is insufficient on its face to satisfy the "particularity" requirement of Rule 59(m), Arizona Rules of Civil Procedure, 16 A.R.S.

As stated in the recent case of Rogers v. Mountain States Telephone & Telegraph Co., 100 Ariz. 154, 164, 412 P.2d 272, 279 (1966):

"In examining the trial court's order that 'the judgment was not justified by the evidence' *it is immediately apparent that the court did not specify in any detail wherein there was a lack of evidence* from which the jury could infer negligence. * * * In this situation 'we will presume that the verdict of the jury was correct, placing the burden upon the appellee to convince us that the trial court did not err in ordering a new trial.'" (Emphasis added)

■ We must, therefore, accept the record as it appears. See Caldwell v. Tremper, 90 Ariz. 241, 367 P.2d 266 (1962). When an order granting a new trial, such as the subject order, does not specify with particularity the ground or grounds upon which the new trial was granted, the presumption is created that the verdict of the jury was correct and the burden shifts to the appellees to convince us that the trial court did not err in ordering a new trial. Rogers v. Mountain States Telephone & Telegraph Co., supra; Smith v. Tang, 100 Ariz. 196, 412 P.2d 697 (1966); Yoo Thun Lim v. Crespin, 100 Ariz. 80, 411 P.2d 809 (1966).

■ Appellees have failed to convince us that the trial court did not err in ordering a new trial and the presumption that the verdict of the jury was correct has not been overcome. We believe the following statement from Steves Brothers Construction Co. v. Lipinski, 89 Ariz. 401, 402, 363 P.2d 584 (1961) applicable:

"It has been the practice of this Court that where the ground or grounds for granting a new trial have not been specified to order the record returned to the

---

**2.** Rule 12(b) permits certain enumerated defenses to be asserted by motion in lieu of a responsive pleading.

court below for compliance therewith. However, in the instant case appellees have failed to enter their appearance in this Court and have not filed an answering brief in response to appellant's brief. Under such circumstances this Court is committed to rule that we will assume the failure to file an answering brief is a confession of reversible error." (Citations omitted)

The order of the trial court granting appellees' motion for a new trial is reversed with directions that judgment be entered upon the jury's verdict in favor of appellants and against the appellees.

HATHAWAY, C. J., and MOLLOY, J., concur.