439 P.2d 504

John T. WILKINSON, Appellant,

v.

Joseph MAZUR and Dorothy Mazur, his wife, and Joseph Lee Mazur, Paula Ann Mazur and Cathy Mazur, by their mother and Next Friend Dorothy Mazur, Appellees.

No. 1 CA–CIV 616.

Court of Appeals of Arizona.

April 9, 1968.

Fennemore, Craig, Allen & McClennen, by Arthur M. Johnson, Phoenix, for appellant.

Gibbons, Kinney, Tipton & Warner, by Jack C. Warner, Phoenix, for appellees.

MOLLOY, Judge.

This is an appeal from the grant of plaintiffs' motion for a new trial after a jury returned a verdict in favor of the defendant in an action arising out of a two-car accident.

The plaintiff, Mrs. Mazur, was driving west on Indian School Road in Phoenix, with three of her children in the car, when she collided with the defendant's vehicle while it was making a left turn in front of her to go north on 43d Avenue. There is no contention made that Mrs. Mazur was exceeding the posted speed limit, but the defendant contends the plaintiffs' car negligently swung around several stopped or slow-moving cars in the left lane of the westbound traffic on Indian School Road to enter the intersection and cause the accident. Mrs. Mazur testified she did not swing around the cars in the left-hand lane but rather had been proceeding in the right-hand lane for sometime prior to the accident. The jury verdict was against the Mazurs, including their three children, who were joined as plaintiffs.

In granting a new trial, the trial court stated the jury must have found the defendant to have been free from negligence in reaching its verdict against all plaintiffs because the three minor plaintiffs could not have been contributorily negligent. The trial court concluded its order with a finding that the verdict was contrary to the "* * * great weight of the evidence * * *" and granted a new trial as to all plaintiffs.

A motion for a new trial is addressed to the sound discretion of the court, Aguilar v. Carpenter, 1 Ariz.App. 36, 399 P.2d 124 (1965). Our Supreme Court has held that a trial judge sits as "* * * a thirteenth juror * * *" and that it will not reverse a trial court for granting a new trial on the grounds the verdict is against the weight of the evidence where the evi-

dence is conflicting. State v. Ross, 97 Ariz. 51, 396 P.2d 619 (1964). We do not find any abuse of discretion that would permit us to reverse the trial court's ruling.

Judgment affirmed.

HATHAWAY, C. J., and KRUCKER, J., concur.

NOTE: This cause was decided by the Judges of Division Two as authorized by A.R.S. § 12–120, subsec. E.