445 P.2d 458

**Roy Gene HEATON and Virginia Heaton, husband and wife, Appellants,**

v.

**Curtis O. WATERS and Kathryn F. Waters, husband and wife, Appellees.**

**No. 2 CA–CIV 420.**

Court of Appeals of Arizona.

Sept. 25, 1968.

Rehearing Denied Oct. 24, 1968.

Review Denied Nov. 19, 1968.

McKesson, Renaud, Cook, Miller & Cordova, by, J. Gordon Cook, Phoenix, for appellants.

Dowdall, Harris, Hull & ' Terry, by, Richard J. Dowdall, Tucson, for appellees.

MOLLOY, Judge.

This is an appeal from an order granting a new trial. The plaintiff, Curtis Waters, was crossing Speedway Boulevard, a main artery in the City of Tucson, on foot on the evening of August 21, 1964, when he

was struck and injured by an automobile being driven by the defendant, Roy Heaton. On trial of the case, the jury returned a verdict for defendants. The order of the trial judge granting plaintiffs' motion for a new trial sets forth the following grounds:

"A. That the verdict was contrary to the evidence in that

"1) reasonable persons could not differ as to the existence of negligence on the part of the defendant, Roy Gene Heaton,

"2) reasonable persons could not differ that plaintiff was either not guilty of contributory negligence or that his negligence had ceased prior to the collision.

"B. That the verdict was the result of passion and prejudice and contrary to the competent evidence by reason of

"1) the injection into the trial by defense counsel of prejudicial remarks in his closing argument wherein he referred to plaintiff as being drunk which was contrary to any evidence, and

"2) defense counsel's argument concerning the payment of plaintiffs' medical bills by plaintiffs' insurance carrier, which argument continued over the Court sustaining the objection of plaintiffs' counsel as to the argument and which was continued after the Court admonished the counsel from continuing with said argument.

"C. The Court erred in the rejection into evidence of plaintiffs' Exhibit 31 which the Court in its discretion should have admitted.

"D. 1) The Court erred in the giving of Defendants' Requested Jury Instructions Nos. 1, 8, 10, 11 and 13.

"2) The Court erred in the refusal to give Plaintiffs' Requested Jury Instructions Nos. 1, 7, 11 and 13.

"3) The Court erred in not instructing the jury that the defendant was guilty of negligence.

"E. That the plaintiffs were deprived of a fair trial by reason of the improper conduct of defense counsel in his closing argument consisting of the following particulars:

"1) Referring to plaintiffs' medical bills having been paid by plaintiffs' medical insurance carrier.

"2) Relating plaintiff's conduct to that of a criminal.

"3) Referring to plaintiff as a 'staggering drunk jay-walker'."

■ Five distinct grounds, with subgrounds, have been delineated in this order. If any one of the grounds assigned is valid, we must affirm. Aguilar v. Carpenter, 1 Ariz.App. 36, 399 P.2d 124 (1965).

■ Defendants' first contention is that the order, and particularly paragraph "A" thereof, is insufficiently specific to satisfy the requirements of Rule 59(m) of the Rules of Civil Procedure and that such failure has the effect of shifting the burden to plaintiffs-appellees to convince us that the trial court did not err in ordering a new trial. Reliance is taken upon Yoo Thun Lim v. Crespin, 100 Ariz. 80, 411 P.2d 809 (1966), and similar authorities recently cited and applied by this court in Montalvo v. Hartford Fire Insurance Company, 5 Ariz.App. 419, 427 P.2d 553 (1967), and Oana v. Haskell, 8 Ariz.App. 493, 441 P.2d 259 (1968).

Rule 59(m) reads as follows:

"No order granting a new trial shall be made and entered unless the order specifies with particularity the ground or grounds on which the new trial is granted."

16 A.R.S.

The rule is designed to inform both the parties and the appellate court of the particular ground or grounds upon which the trial court has acted in granting a new trial, and so to prevent a situation where both appellant and the appellate court are " * * * compelled to speculate as to the reasons for ordering a new trial." Yoo Thun Lim v. Crespin, 100 Ariz. 80, 83, 411 P.2d 809, 811 (1966).

In terms of the general grounds for new trial authorized by Rule 59(a), it is ap-

parent that ground "A" of the trial court's order embodies the trial judge's conviction that the verdict of the jury for defendants was " * * * not justified by the evidence * * *." See Rule 59(a) (8). Ground "A" tells us, in effect, that the trial judge thought that the evidence clearly established negligence on the part of the defendant-driver and the plaintiff-pedestrian's freedom from contributory negligence.

The rule adopted by our Supreme Court in Yoo Thun Lim v. Crespin, supra, came from Missouri. We have looked to Missouri decisions, but do not find in them any clear indication as to whether ground "A" would be considered sufficiently particularized. We have found, however, a recent decision of a California appellate court which suggests that, under California's newly revised statute,[1] regarding new trial orders, ground "A" would be more than adequate to meet that state's statutory specificity requirements. Construing the California statute, as amended through 1965,[2] the court stated, in Kincaid v. Sears, Roebuck & Company, 259 A.C.A. 770, 66 Cal.Rptr. 915 (1968):

> "We consider that such a brief recital of the respects in which the evidence is legally inadequate might be accomplished in the ordinary negligence action after verdict and judgment for plaintiff, by a specification that 'the defendant was not negligent' or that 'the defendant's negligence was not the proximate cause of plaintiff's injuries' or that 'the plaintiff was contributorily negligent' or that 'the plaintiff suffered no damages.'"

66 Cal.Rptr. at 919.

■ In *Yoo Thun Lim,* the Supreme Court noted that the word "particularity," as used in Rule 59(m), meant " 'in a detail,' " 100 Ariz. 80, 82, 411 P.2d 809, 810, and in Rogers v. Mountain States Telephone & Telegraph Co., 100 Ariz. 154, 164, 412 P.2d 272, 279 (1966), the court noted the failure of the order there under consideration to " * * * specify in any detail wherein there was a lack of evidence from which the jury could infer negligence." In view of that language in those decisions, we cannot place an unqualified imprimatur upon the statement of grounds contained in ground "A" of the order now before us, however, we think that it does tell us enough so that we can, without speculation, review the evidence to determine whether the trial judge acted within the limits of his discretion in ordering a new trial on the ground stated.

■ Were this a stereotype form of order, or a mere copying of verbiage in a motion for new trial, our view might be different. But, as we read this order, it is the trial judge's own appraisal of the totality of the evidence on the two critical issues in this case. The language " * * * or that his negligence had ceased prior to the collision" is particularly adapted to the evidence here which under one version indicates that the plaintiff-pedestrian was within a few feet of having crossed this street when struck down by the defendant-motorist. Though we may not agree with the trial court's appraisal from a reading of the dry record before us, still this is his appraisal from the trial bench. We do not believe that our Supreme Court in-

1. Section 657, California Code of Civil Procedure, as amended in 1965.

2. The first paragraph of the 1965 amendments, most pertinent here, reads as follows:

> "When a new trial is granted, on all or part of the issues, the court shall specify the ground or grounds upon which it is granted and the court's reason or reasons for granting the new trial upon each ground stated."

Additional provisions of the statute as amended in 1965 set forth standards and further procedural aspects of orders granting new trials and appeals therefrom. Such provisions are set forth at n. 1 in Mercer v. Perez, 65 Cal.Rptr. 315, 318, 436 P.2d 315, 318 (S.Ct.Cal. 1968). Section 657 was again amended in 1967, in respects immaterial here. The history of the statute and California practice regarding orders for new trials are discussed at length in Mercer v. Perez, supra.

tends to require the trial judge to render a written opinion setting forth his rationale for granting a new trial motion or. to undertake a lengthy review of the facts. Rule 59(m) is designed to serve a practical purpose and should receive a practical construction. Cf. Kincaid v. Sears, Roebuck & Company, supra. We accept ground "A" as being a sufficiently detailed expression of the trial court's view on the sufficiency of the evidence.

■ Accordingly, the burden is upon defendants to show an abuse of discretion on the part of the trial judge in granting plaintiffs a new trial. Yoo Thun Lim v. Crespin, supra. While in *Yoo Thun Lim,* the Court expressly overruled some statements made by the Court in State v. Ross, 97 Ariz. 51, 396 P.2d 619 (1964), on the effect of the trial court's failure to comply with Rule 59(m), our Supreme Court left untouched the long-standing rule that an Arizona trial judge, " * * * sitting as a thirteenth juror, * * * " may weigh the evidence in passing on a motion for new trial. State v. Ross, supra, 97 Ariz. 54, 396 P.2d 621. An appellate court will not *disturb an order granting a new trial* " * * * unless the probative force of the evidence clearly demonstrates that the trial court's action is wrong and unjust and therefore unreasonable and a manifest abuse of discretion." Smith v. Moroney, 79 Ariz. 35, 39, 282 P.2d 470, 472 (1955); Pima County v. Bilby, 87 Ariz. 366, 375, 351 P.2d 647, 652 (1960).

■ Our examination of the entire record in this case reveals no abuse of the trial judge's broad discretion. There was testimony from one of defendant's witnesses that the plaintiff-pedestrian was within "a yard, three feet" of the curb which was his destination at the time he was struck. The defendant-driver had glanced up and down a side street and did not see the plaintiff until it was too late to stop, at which time he unsuccessfully attempted to swerve and avoid him. The trial judge saw and heard the parties and witnesses testify. We cannot say that the

probative weight of the evidence clearly demonstrates error on his part in granting a new trial.

■ Read literally, the reasons set forth by the trial judge in ground "A" appear to indicate a post-trial inclination on his part to grant a directed verdict for plaintiffs on the issue of liability. While we affirm the grant of a new trial on the basis of ground "A", we would not be understood as being in agreement that the record before us compels the conclusion that plaintiff is entitled to a directed verdict. There were variations among the witnesses as to the point of impact and other material facts. In 7 Am.Jur.2d Automobiles and Highway Traffic § 413, at 960, it is stated:

"In most cases, whether a motorist was negligent, so as to render him liable to a pedestrian struck and injured by his vehicle while walking across the road at a place other than a regular crossing, is a question for the jury."

Similarly, it is stated, in the same authority, § 411, at 957, that "Whether a pedestrian is guilty of contributory negligence in crossing a highway or street is generally a question of fact for jury determination." The Arizona cases are generally in accord: Thompson v. Quandt, 83 Ariz. 343, 321 P.2d 1012 (1958); Scott v. Scott, 75 Ariz. 116, 252 P.2d 571 (1953). The record before us indicates that the present case falls within the operation of these general rules.

We need not discuss the propriety of counsel's argument to the jury, since we may assume that these matters will not arise on retrial of the case. Nor need we discuss the admissibility of plaintiffs' Exhibit 31, since a second pretrial conference will be required at which time plaintiffs may tender the exhibits and avoid an objection based upon surprise.

Neither side on this appeal has complied with Rule 5(b) (10), Rules of the Supreme Court, as amended, which states that "Instructions given or refused, of which a party complains or relies on, shall be set forth in haec verba in the appendix to the brief." What we have stated with respect

to the issues of negligence and contributory negligence is largely dispositive of the issues raised by the instructions referred to in the order, and we decline further consideration of the instructions for lack of compliance with the quoted rule.

Judgment granting new trial affirmed.

KRUCKER, J., concurs.

HATHAWAY, Chief Judge (specially concurring):

Although I agree with the majority opinion that the trial court was correct in granting the plaintiffs a new trial, my reason for doing so differs. I do not agree that Ground A, upon which the majority relies, meets the "particularity" requirement mandated by Rule 59(m), Rules of Civil Procedure.

The salutary effect of this Rule is diluted by holding that the specificity requisites are satisfied by the reasons given under Ground A. "Speculation" is no more avoided here, Yoo Thun Lim v. Crespin, 100 Ariz. 80, 83, 411 P.2d 809, 811 (1966) than in the statement that "the verdict and judgment are not justified by the evidence," which was held defective in Rogers v. Mountain States Telephone & Telegraph Co., 100 Ariz. 154, 164, 412 P.2d 272, 278 (1966). Since "it is immediately apparent that the court did not specify in any detail wherein there was a lack of evidence," the instant·order suffers from the same congenital defect. What evidence overwhelmingly establishes the existence of the defendant's negligence and the nonexistence or cessation of plaintiff's negligence? I therefore decline to accept Ground A as a specification "in detail." Rogers, supra.

I find no lack of specificity, however, in Ground B and believe the trial court correctly granted a new trial because of defense counsel's improper references, in argument, to plaintiff's conduct. Notwithstanding the wide latitude afforded counsel in argument to the jury, discussion is limited to facts supplied by the evidence and the inferences to be drawn therefrom. Aguilar v. Carpenter, 1 Ariz.App. 36, 399 P.2d 124 (1965); Beliak v. Plants, 93 Ariz.

266, 379 P.2d 976 (1963). Although plaintiff's intoxicated state may be a proper subject of argument when there is evidence of same, Yoo Thun Lim v. Crespin, supra, when, as here, counsel's statements were completely outside of any evidence, they were improper. See McRae v. Forren, 5 Ariz.App. 465, 428 P.2d 129 (1967).

Determination of the prejudicial effect of counsel's misconduct is left to the discretion of the trial court, Tanner v. Pacioni, 3 Ariz.App. 297, 413 P.2d 863 (1966); Betz v. Goff, 5 Ariz.App. 404, 427 P.2d 538 (1967). It is conceivable that a jury might be prejudiced by improper reference to the plaintiff's intoxication in resolving the issue of contributory negligence. I find no abuse of the trial court's discretion in finding sufficient prejudice to justify granting a new trial.

Since, as the majority states, the validity of one of the stated grounds is sufficient to sustain an order granting a new trial, Aguilar v. Carpenter, supra, I agree as to affirmance of the order.