459 P.2d 321

**STATE of Arizona ex rel. Justin HERMAN, Director, Arizona Highway Department, Appellant,**

v.

**Arthur HAGUE, dba Hague Truck Stop et al., Appellees.**

**No. 2 CA–CIV 560.**

Court of Appeals of Arizona.

Division 2.

Oct. 2, 1969.

Rehearing Denied Oct. 30, 1969.
Review Granted Nov. 25, 1969.

Gary K. Nelson, Atty. Gen., Phoenix, by William Kimble, Special Asst. Atty. Gen., for appellant.

Dunseath, Stubbs & Burch, by Robert Stubbs, Tucson, for appellees.

KRUCKER, Chief Judge.

Plaintiff-appellant, the State of Arizona, filed an action in eminent domain against defendants, Enos P. Schaffer, et al, to adjudicate the damage, if any, from the State's limiting direct access to defendants' seventeen parcels of land at Jaynes Station on the Casa Grande Highway. Defendants generally counterclaimed for damages for inverse eminent domain. The court, Judge Garrett presiding, ruled that as a matter of law, defendants were entitled to compensation and directed that jury trials be set to assess damages. Two trials were held on the damages issue. In the first, Judge Garrett presiding, the jury found unanimously in favor of the State that no damages had been suffered. In the second, as to the remaining thirteen defendants, the appellees here, Judge Collins presiding, the jury found in favor of the State against nine defendants and awarded damages to four defendants.

The State appeals an order granting a new trial to these thirteen defendants, the "second" judgment of August 14, 1967, and seeks review of the denial of its motion for judgment n. o. v.

All of the properties concerned are located on the Tucson-Casa Grande Highway. The land taken for the original highway in the early 1950's was taken pursuant to an agreement that cross-overs be constructed to connect both sides of the highway. This was done, and seven cross-overs were established between Sunset and Ruthrauff Roads, a one and one-quarter mile distance. With the construction of the new freeway, all the cross-overs were eliminated and direct access to the highway was eliminated in favor of frontage roads along these properties, separated from the highway by a fence. No new land was required for this alteration. We take plaintiff's allegations of error *in seriatim.*

DID THE TRIAL COURT ERR IN REFUSING TO GRANT THE STATE'S MOTION FOR JUDGMENT N.O.V. ON THE BASIS THAT THE STATE IS NOT LIABLE IN DAMAGES TO ABUTTING LANDOWNERS WHEN IT CONVERTS AN UNLIMITED ACCESS HIGHWAY INTO A LIMITED ACCESS HIGHWAY, WHICH REMOVES DIRECT HIGHWAY ACCESS AND SUBSTITUTES UNLIMITED FRONTAGE ROAD ACCESS?

In its simplest form, the question is whether limiting direct access to a highway is a "taking" requiring compensation under the laws of eminent domain in Arizona or whether it is the mere exercise of the police power, not requiring compensation.

We believe that this question has been answered in Arizona in State ex rel. Morrison v. Thelberg, 87 Ariz. 318, 350 P.2d 988 (1960), and that the instant case cannot be distinguished from it in any substantive way. There, the State condemned .24 acres of land belonging to a motel owner on the Benson Highway and limited access to the new freeway by establishing a frontage road. Damages were assessed for both the taking and the impairment of access. In reviewing the damages awarded for impairment of access, the Court said:

> "When the controlled access highway is constructed upon the right of way of the conventional highway and the owner's ingress and egress to abutting property has been destroyed or substantially impaired, he may recover damages therefor. The damages may be merely nominal or they may be severe. Other means of access such as frontage roads as in the instant case may be taken into consideration in determining the amount which would be just under the circumstances." 87 Ariz., at 325, 350 P.2d at 992.

*See,* Pima County v. Bilby, 87 Ariz. 366, 351 P.2d 647 (1960). We also point out that under this rule there is no requirement of a physical taking. State ex rel. Herman v. Jacobs, 7 Ariz.App. 396, 440 P.2d 32 (1968).

We are aware of the mammoth implications of *Thelberg* under the Federal Interstate and Defense highway system where limited access highways are being built across the nation, and that numerous commentators and state courts have advocated the contrary position. Freeways and the Rights of Abutting Owners, 3 Stan.L. Rev. 298 (1951); Knowles, Loss of Access: A Twentieth Century Enigma, 6 St. Louis U.L.J. 204 (1960); Note, 27 Wash. L.Rev. 111 (1952); Annot., 43 A.L.R.2d 1072; F. Covey, Jr., Frontage Roads: To Compensate or Not To Compensate, 56 Nw.U.L.Rev. 587 (1961). Our Supreme Court, however, has decided that for the real economic injury which results from limiting access, the community as a whole and not the abutting landowner can better bear the cost. We defer to their determination and treat the matter as settled. McKay v. Industrial Commission, 103 Ariz. 191, 438 P.2d 757 (1968).

DID THE TRIAL COURT ERR IN GRANTING A NEW TRIAL TO DEFENDANTS AND SEPARATING EACH DEFENDANT'S CASE FOR TRIAL?

The trial court granted the motion for a new trial giving the following grounds:

> "(1) That the verdict and judgment previously entered herein granted insufficient damages to the Defendants;
>
> (2) That said verdict and judgment was not justified by the evidence;
>
> (3) That there have been error [sic] in the admission of evidence and error in the rejection of evidence during the course of the trial;
>
> (4) That there had been error in refusing instructions and in the giving of instructions;
>
> (5) That the verdict and judgment are contrary to law."

\*    \*    \*    \*    \*    \*

■ The granting of a new trial lies within the broad discretion of the trial court, and the reviewing court will not disturb the ruling except for an abuse of discretion. Filer v. Maricopa County, 68 Ariz. 11, 198 P.2d 131 (1948); State v. Mejia, 97 Ariz. 215, 399 P.2d 116 (1965). Appellate courts are more liberal in sustaining the granting of a motion for a new trial than in affirming denial. Sanchez v. Stremel, 95 Ariz. 392, 391 P.2d 557, 10 A.L.R.3d 1324 (1964); Meyer v. Ricklick, 1 Ariz.App. 494, 405 P.2d 285 (1965), vacated on other grounds, 99 Ariz. 355, 409 P.2d 280 (1965).

Plaintiff's major contention here is that the trial court's order of a new trial must be reversed because the court failed to state its reasons therefor with sufficient particularity under Rule 59(m), Rules of Civil Procedure. Reliance is placed on four recent Arizona cases: Yoo Thun Lim v. Crespin, 100 Ariz. 80, 411 P.2d 809 (1966); Rogers v. Mountain States Telephone & Telegraph Co., 100 Ariz. 154, 412 P.2d 272 (1966); Smith v. Tang, 100 Ariz. 196, 412 P.2d 697 (1966); and Phoenix Title & Trust Co. v. Arizona Public Service Co., 8 Ariz.App. 221, 445 P.2d 169 (1968).

Rule 59(m), Rules of Civil Procedure, 16 A.R.S. provides:

> "No order granting a new trial shall be made and entered unless the order specifies with particularity the ground or grounds on which the new trial is granted."

The rule is designed to inform the parties and this court of the specific reason for the trial court's granting a new trial. Yoo Thun Lim, supra.

■ We agree with plaintiff that several of the grounds given were incomplete under the Rule. However, if any *one* of the reasons given is complete, this court must affirm the order granting the new trial as sufficient. General Petroleum Corp. v. Barker, 77 Ariz. 235, 269 P.2d 729 (1954); Aguilar v. Carpenter, 1 Ariz.App. 36, 399 P.2d 124 (1965). In Phoenix Title & Trust Co., supra, the court held that an

order stating the verdict was excessive meets the requirements of the Rule. Here, the trial court stated as ground number one that the damages and verdict were insufficient. We believe this ground meets Rule 59(m) requirements, particularly in light of the fact that the central issue of this trial was damages.

Plaintiff contends, however, that, even if the "particularity" requirement is satisfied, the court was not justified in finding that the damages were insufficient. In particular, plaintiff points to the extensive appraisers' testimony given and shows that, indeed, the jury's verdict was amply supported by the evidence.

■ We point out that the scope of our review in examining a trial court's reason for granting a new trial is limited. In a civil case the trial court may properly grant a new trial provided the probative force of evidence does not clearly preponderate in favor of the verdict. State v. Saenz, 88 Ariz. 154, 353 P.2d 1026 (1960); Pima County v. Bilby, 87 Ariz. 366, 351 P.2d 647 (1960). In other words, the question is whether the trial court abused its discretion. Sanchez v. Stremel, 95 Ariz. 392, 391 P.2d 557, 10 A.L.R.3d 1324 (1964); Colfer v. Ballantyne, 89 Ariz. 408, 363 P.2d 588 (1961).

In *Bilby*, supra, the trial court was faced with a similar factual conflict in a condemnation action to fix damages caused by the State's grading and conversion of a street into a drainage ditch. The evidence on damages presented to the jury was in conflict, and the trial court granted a new trial. The Arizona Supreme Court held that since there was no preponderance of evidence in favor of the verdict, it must uphold the trial court's granting of the new trial. In short, wherever evidence clearly conflicts, a granting of a new trial is affirmed. Wilkinson v. Mazur, 7 Ariz. App. 341, 439 P.2d 504 (1968); *Bilby*, supra.

■ In the instant case, the evidence was in sharp conflict as to the damages sustained by the landowners as a result of

the denial of direct access. As illustrated on a chart presented in plaintiff's own brief, the landowners' appraisers estimated extensive damages, while the State appraisers virtually considered the harm *de minimis*. We cannot say, therefore, that the evidence does preponderate in favor of the jury's verdict, and we sustain the granting of the new trial.

Plaintiff lastly contends that the trial court erred in joining the order granting a new trial with an order to separate for trial the case for each landowner. In particular, plaintiff first contends that Judge Collins' determination violated the principle of the "rule of the case," as Judge Garrett, in dividing the original case into only two trials, had denied a motion for separate trials for each landowner. Defendants responded to this contention, but very briefly.

Rules 42(b) and 20(b), Rules of Civil Procedure, 16 A.R.S., provide for separation of trials to accomplish several purposes: (1) avoid prejudice, (2) further convenience, and (3) prevent embarrassment, delay and expense.

■ There seems to be no doubt that, generally, the ruling of one judge on a motion becomes the rule of the case as to another judge of that same court in the same case. 21 C.J.S. Courts § 195; United States Industrial Chemicals v. Carbide & Carbon Chemicals Corp., D.C., 52 F.Supp. 164 (1943). Likewise, Arizona has adopted the doctrine, Sibley v. Jeffreys, 81 Ariz. 272, 305 P.2d 427 (1956), except when to do so results in a manifestly unjust decision. Graham County Electric Co-op., Inc. v. Town of Safford, 95 Ariz. 174, 388 P.2d 169 (1963); Williams v. Garrett, 4 Ariz. App. 7, 417 P.2d 378 (1966); *Sibley*, supra.

■ We believe the trial judge had this latter qualification in mind when he altered Judge Garrett's decision. He so indicated in his order by stating:

"* * * *Defendants are entitled to a new trial since they failed to receive a fair trial* in the previous trial *and it* further appearing to the court that it was improper *to deny the Defendants' motion for severance* in that the trial of thirteen (13) individual parcels of land as part of one (1) trial *severely prejudiced the Defendants and prevented them from obtaining a fair trial.* * * *"* (Emphasis added)

We therefore reject the State's contention that the earlier denial of severance must stand. If Judge Collins, after having conducted a 32-day trial covering 13 parcels of land and realizing the time and expense involved, could nevertheless believe that it had severely prejudiced defendants to try their cases in such a manner, we decline to contradict him.

■ Plaintiff also contends that since one of the reasons given by Judge Collins in his order granting a new trial, to wit, the severe prejudice of the parties, falls under Rule 59(g), Rules of Civil Procedure, the plaintiff in all events had a right to be heard on this question. Rule 59(g) sets forth a hearing requirement when a new trial is granted on the court's own motion. Assuming for the moment that this indeed was a reason given for the new trial as contemplated by Rule 59(g), we agree with plaintiff that it had a right to be heard. However, we do not believe severance was generated as a reason for a new trial, as contemplated under Rule 59(g), but was merely an order in accordance with Rule 42(b), permitting severance to avoid prejudice to the parties. Additionally, we point out that even if the reason given does go to the granting of a new trial, on which plaintiff had a right to be heard, under the Rule, we do not believe the failure in this respect in any way affects the new trial order as we have already affirmed it on ground number one, supra.

Judgment affirmed.

HATHAWAY and HOWARD, JJ., concur.