477 P.2d 767

**ARIZONA REFRIGERATION SUPPLIES, INC., an Arizona corporation, and Frank Keenan Heeley and Jane Doe Heeley, husband and wife, Appellants,**

v.

**Hester Pearl BROOKSHIRE, and Richard F. Brookshire, wife and husband, Appellees.**

**No. 1 CA–CIV 1212.**

Court of Appeals of Arizona, Division 1, Department B.

Dec. 16, 1970.

Rehearing Denied Jan. 18, 1971.

Review Denied Feb. 23, 1971.

**482**

Renaud, Cook, Miller & Cordova by J. Gordon Cook, Phoenix, for appellants.

States, Meyer, & Vucichevich by Rad L. Vucichevich, Phoenix, for appellees.

JACOBSON, Judge.

The trial court's granting of a new trial to a losing plaintiff, primarily based upon lack of evidence, to support an instruction on contributory negligence, is called into question on this appeal.

Plaintiffs-appellees, Hester Pearl Brookshire and Richard F. Brookshire brought an action for personal injuries suffered by Mrs. Brookshire arising out of an automobile accident, against defendants-appellants, Frank Keenan Heeley and his employer, Arizona Refrigeration Supplies, Inc.

The matter was tried to a jury which returned a verdict in favor of defendants. The trial court granted plaintffs' motion for a new trial based upon two grounds:

"The court committed prejudicial error by giving instructions on contributory negligence to the jury over plaintiff's (sic) objection. Neither the accident report nor the testimony of the investigating officer supports even a suggestion of the plaintiff being negligent.

"The verdict in favor of the Defendants was against the greater weight of the evidence on the issue of liability."

Defendants have appealed the order granting plaintiffs a new trial.

Defendants first contend that the court's order fails to comply with Rule 59 (m), Rules of Civil Procedure, 16 A.R.S., as to the particularity and specificity required by Yoo Thun Lim v. Crespin, 100 Ariz. 80, 411 P.2d 809 (1966). While the court's second ground as to the "greater weight of the evidence" may suffer from a Rule 59 (m) defect, *See* Rogers v. Mountain States Telephone & Telegraph Co., 100 Ariz. 154, 412 P.2d 272 (1966); Montalvo v. Hartford Fire Insurance Co., 5 Ariz.App. 419, 427 P. 2d 553 (1967), the first ground stated by the court dealing with the instruction on contributory negligence is stated with suf-

ficient particularity as to inform both parties and the appellant court the exact basis relied upon by the trial court in granting a new trial. Heaton v. Waters, 8 Ariz.App. 256, 445 P.2d 458 (1968).

■ In such a case, if any one ground stated by the trial court in granting a new trial complies with Rule 59(m) and is sustainable, this court must affirm the order granting a new trial. State ex rel. Herman v. Hague, 10 Ariz.App. 404, 459 P.2d 321 (1969); Aguilar v. Carpenter, 1 Ariz. App. 36, 399 P.2d 124 (1965).

We therefore turn to a review of the evidence to determine whether the trial court was correct in its conclusion that it improperly allowed the question of Mrs. Brookshire's contributory negligence to go to the jury.

On the evening of September 24, 1965, Mrs. Brookshire was driving a 1963 Rambler in a southerly direction on Third Street in Phoenix, Arizona, accompanied by a companion, Marjorie Hepworth. As she approached McDowell Road, the mechanical signal was red and she stopped north of the crosswalk. While waiting for the light to change she observed a vehicle approaching from the rear. This approaching vehicle was later identified as one being driven by defendant Frank Heeley, an employee of Arizona Refrigeration Supplies. Mr. Heeley testified that he observed the stopped 1963 Rambler and noting the light was red against him, prepared to stop. At this point the testimony differs. Mrs. Brookshire and Mrs. Hepworth both testified their vehicle did not move and the light was still red when the Heeley vehicle rearended them. Mr. Heeley testified that he had removed his foot from the gas and was braking when he observed the Rambler start to move. Thinking the light had changed he removed his foot from the brake and proceeded. He further testified the Rambler proceeded only a few feet and stopped and the collision then occurred. At the point of impact the Rambler was still north of the intersection. Mr. Heeley candidly admitted that he had

observed the light approximately 20 feet from the point of impact and that it was red. He further testified that he did not observe the light at the time the impact occurred.

The accident experts agreed the impact speed was approximately three miles per hour. Minute damage was done to both vehicles, although Mrs. Brookshire alleged medical damages alone of $7,000.00.

The only other testimony concerning the color of the light at the McDowell-Third Street intersection came from the investigating officer of the Phoenix Police Department, who recorded on his accident report that someone told him that "the traffic light just changed to green for Third Street at the time of impact." The investigating officer had no independent recollection of the investigation and after reading the accident report was unable to testify as to who gave him the information concerning the traffic light color. He surmised from the sequence of the matter on the accident report that this information may have come from Mrs. Brookshire.

■ This was the total of all the evidence on liability and based thereon the court gave the contributory negligence instructions. We conclude the trial court was correct in determining that such an instruction was improper.

■■ The defendants in this case have the burden of proving the defense of contributory negligence. Martinez v. Anderson, 50 Ariz. 95, 69 P.2d 237 (1937). To sustain this burden, at least sufficient to get to the jury, defendants in their brief, state:

"Defendants agree that the testimony of Milo Kauffman [investigating officer], from his report about the light having changed to green does not, by itself, suggest that plaintiff was negligent. However, Frank Heeley's testimony that plaintiff's vehicle proceeded forward and then stopped, plus this testimony, is sufficient to create an issue as to contributory negligence."

Defendants' argument must be that plaintiff stopped for a red light, the light changed to green, plaintiff proceeded and then suddenly stopped, causing defendant Heeley to run into her. Unfortunately, the link necessary to arrive at this conclusion —the light turning green—is missing. All of the sworn testimony is to the effect that the light was red at the time of impact. The testimony of Mr. Heeley that he remained in his vehicle several seconds then got out, went to the Brookshire automobile and then noted for the first time traffic coming from the opposite direction across McDowell indicates that the light must have been red at the time of impact. The only "evidence" that someone thought the light was green comes from the investigating officer's report. This statement is only capable of substantive consideration if the statement can be attributed to Mrs. Brookshire as impeachment evidence. Welch v. Medlock, 79 Ariz. 247, 286 P.2d 756 (1955); M. Udall, Arizona Law of Evidence, § 63, at 92 (1960). It could not be received as substantive evidence to substantiate Heeley's testimony for he testified he did not know the color of the light at the time of impact. The officer was unable to place this statement in the mouth of the plaintiff. Having failed to do so, it is hearsay and does not constitute any evidence of the truth of the facts stated. Welch v. Medlock, 79 Ariz. 247, 286 P.2d 756, *supra*.

In this case, there is no substantive evidence of contributory negligence and therefore the giving of an instruction on this defense was in error. Sax v. Kopelman, 96 Ariz. 394, 396 P.2d 17 (1964); Morris v. Aero Mayflower Transit Company, 73 Ariz. 390, 242 P.2d 279 (1952).

The trial court correctly determined that the evidence did not sustain a contributory negligence instruction and properly granted plaintiff a new trial on this basis. Having determined the trial court was correct as to one of the grounds stated in its order for a new trial, we need not consider the remaining ground.

The order granting a new trial is affirmed.

EUBANK, P. J., and HAIRE, J., concur.