721 P.2d 679

**Christopher BINDER, Personal Representative-Appellee,**

**v.**

**Dale FRUTH and Marion Fruth, husband and wife, Claimants-Appellants.**

**No. 1 CA–CIV 8304.**

Court of Appeals of Arizona, Division 1, Department B.

May 20, 1986.

Biaett & Bahde, P.C. by Kenneth Biaett, Glendale, for claimants-appellants.

Lindteigen & Griffiths by David A. Griffiths, Mesa, for personal representative-appellee.

OPINION

MEYERSON, Judge.

## I. FACTS

Appellants Dale and Marion Fruth (Fruths or creditors) appeal from a probate court order denying their creditors' claim. The claim arose out of a $10,000 loan which they made to Jean H. Burke in 1983. The indebtedness was secured by a deed of trust on a time share condominium located in Utah.

Burke died on March 9, 1984. After Burke's death, the Fruths filed an unsecured creditors' claim for $9,033.01 representing the amount due on the note, plus interest. Instead of paying the claim, the personal representative, appellee Christopher Binder, conveyed to the Fruths the property securing the note. Shortly thereafter, the Fruths received notice from the personal representative that their claim had been disallowed in full. One month later, the creditors returned the deed and informed the personal representative that they were going ahead with their claim against the estate.

The creditors then filed a petition for allowance of their claim. The court denied this petition. The Fruths then appealed to this Court. The question presented in this case is whether a secured creditor of an estate must accept his security as satisfaction of a debt and then claim any deficiency, or may the creditor choose to surrender his security and submit a claim for the amount of the indebtedness.

## II. LAW

Deeds of trust are creatures of statute in Arizona. A.R.S. §§ 33–801 to –821. Although "the trustee under a deed of trust may satisfy a default by trustee's sale or foreclosure, the statutory remedy is neither mandatory or exclusive." *Universal Inv. Co. v. Sahara Motor Inn, Inc.,* 127 Ariz. 213, 215, 619 P.2d 485, 487 (App.1980). An alternative remedy is to bring an action on the debt. *Id.* Thus, a secured creditor under a deed of trust may elect between a trustee's sale, foreclosure as a mortgage, or an action on the debt.

The note and deed of trust were in default when the monthly payment came due after Burke's death. Had Burke been in default before her death, the creditors alone would have had the power to elect their remedy. Burke's death, however, brings into play two additional statutes—A.R.S. § 14–3809 and A.R.S. § 14–3814. *See generally* R. Effland, D. O'Connell & K. Haber, *Arizona Probate Code Practice Manual* § 5.11–(f) (2d ed. 1980). A.R.S. § 14–3809 provides:

> *Payment of a secured claim is upon the basis of the amount allowed if the creditor surrenders his security,* otherwise payment is upon the basis of one of the following:
>
> 1. If the creditor exhausts his security before receiving payment, unless precluded by other law, upon the amount of the claim allowed less the fair value of the security.
>
> 2. If the creditor does not have the right to exhaust his security or has not done so, upon the amount of the claim allowed less the value of the security determined by converting it into money according to the terms of the agreement pursuant to which the security was delivered to the creditor, or by the creditor and personal representative by agreement, arbitration, compromise or litigation.

(Emphasis added). A.R.S. § 14–3814 states:

> If any assets of the estate are encumbered by mortgage, pledge, lien or other

security interest, the personal representative may pay the encumbrance or any part thereof, renew or extend any obligation secured by the encumbrance or convey or transfer the assets to the creditor in satisfaction of his lien, in whole or in part, whether or not the holder of the encumbrance has presented a claim, if it appears to be for the best interest of the estate. Payment of an encumbrance does not increase the share of the distributee entitled to the encumbered assets unless the distributee is entitled to exoneration.

Both of these statutes are modeled from identical provisions in the Uniform Probate Code. *Unif.Probate Code* §§ 3–809, –814 (1983). Similar provisions are also found in the Model Probate Code. *Model Probate Code* §§ 139, 149 (1946).

The personal representative contends that he has the discretion to convey the creditors' security in satisfaction of the debt rather than pay the claim based upon the balance due on the note. The creditor could then make a second claim for any deficiency. He maintains that this power is based on the portion of A.R.S. § 14–3814 which allows the personal representative "to convey or transfer the assets to the creditor in satisfaction of his lien." He further contends that A.R.S. § 14–3809 does not limit this power, but merely establishes procedures for determining the amount of payment. The creditors, in contrast, argue that A.R.S. § 14–3809 gives them the sole power to determine their "remedy." They point to language in the statute providing that "[p]ayment of a secured claim is upon the basis of the amount allowed *if the creditor surrenders his security* (emphasis added)."

In evaluating these conflicting contentions, we begin by examining the language of both statutes. Close examination of these two statutes, particularly A.R.S. § 14–3814, leaves no doubt that the legislature has given the personal representative power to convey a security to the creditor. Further, A.R.S. § 14–3809 offers no clear language to offset this grant of power. In order to decide, however, whether the legislature intended to bestow a unilateral right on the personal representative to determine how a secured creditor's claim is to be discharged, we must turn to principles of statutory construction. Where the language of a statute is susceptible to several interpretations, the court should adopt that interpretation which is reasonable and which avoids contradiction or absurdity. *State Bd. of Dispensing Opticians v. Schwab*, 93 Ariz. 328, 331, 380 P.2d 784, 786 (1963). Further, where practical, this court should construe the meaning of several statutes so as to give effect to all. *Lemons v. Superior Court*, 141 Ariz. 502, 505, 687 P.2d 1257, 1260 (1984).

The personal representative asserts that A.R.S. § 14–3814 gives him the unilateral authority to convey encumbered property to the creditor in satisfaction of a claim. We think that this construction of A.R.S. § 14–3814 is manifestly unreasonable. We are unaware of any principle of law which allows the debtor to force the creditor to an election of remedies.

The personal representative's construction of A.R.S. § 14–3814 places unsecured creditors in a better position than secured creditors. After the debtor's death, the personal representative cannot force an unsecured creditor to accept unencumbered assets because A.R.S. § 14–3814 only applies to secured creditors. The unsecured creditor can file his claim directly against the estate. Under the personal representative's construction of the statute, the secured creditor, in contrast, could be forced to accept the asset of the estate in lieu of payment of a claim (and then sell the asset and submit a claim for the deficiency, if any). Thus, the personal representative would be able to dictate to the creditor the method by which the creditor's claim is presented to the probate court. The legislature could not have intended to favor unsecured creditors over secured creditors in this fashion.

In contrast, we think that the creditors have offered a reasonable and rational construction of A.R.S. § 14–3814. They

contend that the statute empowers the personal representative to convey the encumbered asset to the creditor only where the creditor acquiesces. The creditors' construction fulfills several reasonable purposes. It preserves the secured creditor's preferred position. It also preserves the secured party's ability to select his remedy. Further, it is consistent with the deed of trust statutes which allow only the secured party to choose his remedy.

■ Additionally, we view A.R.S. § 14–3814 as intended to grant power to the personal representative to act in accordance with the best interests of the estate. For example, it may be in the interest of the estate to sell mortgaged property to pay other unsecured debts of the estate. Conversely, the estate might be better off if a secured creditor accepted the security in full payment of the debt. The statute gives the personal representative the flexibility and discretion to deal with the assets of the estate in this fashion. The power vested in the personal representative to so act cannot, however, be in derogation of the secured creditor's right to either surrender the security and submit a claim for the indebtedness or exhaust the security and submit a claim for the deficiency.

■ While we agree with the creditors' construction of A.R.S. § 14–3814, we cannot agree with their interpretation of A.R.S. § 14–3809. The creditors contend that A.R.S. § 14–3809 gives the secured creditor the right to choose his remedy. We disagree with this view. A creditor's right to select his remedy is either found in the common law or is derived from statutes extraneous to the probate code. We do not view A.R.S. § 14–3809 as intended by the legislature to create new rights. In our opinion, the statute is designed to prescribe the manner in which the secured creditor is to be paid, depending upon which remedy the creditor elects.

■ We must still ascertain whether the creditor alone has the power to elect his remedy. Unless limited by statute, the common law has traditionally given the se-cured creditor the power to choose his remedy after the debtor dies. *Ganoe v. Swisher*, 229 Iowa 130, 133, 294 N.W. 235, 237 (1940); *Browning v. Eiken*, 189 Minn. 375, 380, 249 N.W. 573, 575 (1933). We conclude that neither A.R.S. § 14–3809 nor A.R.S. § 14–3814 limits the common law rule. Therefore, consistent with common law, we hold that the creditors were entitled to surrender their security and submit a claim for the amount of the debt owed to them.

In this regard, we are in complete agreement with a recent decision of the Minnesota Court of Appeals. *Estate of Larson*, 359 N.W.2d 281 (Minn.App.1984). In *Larson*, the creditor bank made secured loans to the decedent. When the bank attempted to collect after the death of the debtor, the personal representative argued that the bank must first exhaust its security. The Minnesota court, presented with statutes virtually identical to those in the present case, denied the personal representative's claim. The court reaffirmed the common law rule that a "creditor holding securities has the option, after the debtor's death, to enforce his securities for payment of his claim or to file his claim as a general creditor of the estate." *Id.* at 286 (quoting from *Browning v. Eiken*, 189 Minn. 375, 380, 249 N.W. 573, 575 (1933)).

## III. ATTORNEY'S FEES

■ The creditors have requested attorney's fees based on a provision in the note providing:

> If this note is collected by an attorney after default in the payment of principal or interest, either with or without suit, the undersigned, jointly and severally, agree to pay all costs and expenses of collection including a reasonable attorney's fee.

The note allows the creditors to collect attorney's fees only when an attorney is needed to collect after default. The note was not in default until after Burke's death. Hence, the present proceeding arises out of a creditor's claim in probate court. We decline to hold that the fee

provision is broad enough to encompass such a proceeding.

Reversed and remanded.

CONTRERAS, P.J., and OGG, J. (Retired), concur.

NOTE: The Honorable JACK L. OGG, a retired judge of the Court of Appeals, was authorized to participate in the disposition of this matter by the Chief Justice of the Arizona Supreme Court pursuant to Ariz. Const. art. VI, § 20.