763 P.2d 983

ESPLENDIDO APARTMENTS, an Arizona limited partnership; David R. Johns and Sandi Johns, husband and wife; Property Management Company of New Mexico, N.S.L., a New Mexico corporation, Defendants/Appellants/Cross-Appellees,

v.

METROPOLITAN CONDOMINIUM ASSOCIATION OF ARIZONA II, a joint venture, Plaintiff/Appellee/Cross-Appellant.

No. 2 CA–CV 88–0126.

Court of Appeals of Arizona, Division 2, Department A.

April 29, 1988.

Review Granted Nov. 22, 1988.*

* Gordon, C.J., of the Supreme Court, did not participate in the determination of this matter.

Murphy & Posner by Russell J. Zarkou, Phoenix, for defendants/appellants/cross-appellees Esplendido Apartments and Property Management Co.

Storey & Ross, P.C. by Dennis I. Wilenchik and Ann A. Scott Timmer, Phoenix, for defendants/appellants/cross-appellees Johns.

Bonn & Pohlman by Robert J. Pohlman, Jeff C. Padden and Randall D. Wilkins, Phoenix, for plaintiff/appellee/cross-appellant.

## OPINION

HOWARD, Presiding Judge.

Appellee sued appellants for damages for appellants' purported unreasonable withholding of its consent to a subsequent sale of real property and wrongful interference with a contractual or prospective business relationship. The jury returned a defense verdict. The appellee moved for a new trial on the grounds that the verdict was against the weight of the evidence and on the failure of the trial court to give certain instructions. They also moved for judgment n.o.v. The trial court denied the judgment n.o.v. but granted the motion for new trial. Appellants appeal from the motion granting the new trial and appellee has cross-appealed the trial court's failure to grant it judgment n.o.v. Because we believe that the trial court erred in not granting a judgment n.o.v. to the appellee, we recite only those facts essential to our decision.

Appellant Esplendido Apartments (Esplendido) is an Arizona limited partnership in which appellant David R. Johns (Johns) and appellant Property Management Company of New Mexico, N.S.L. (Property Management) are general partners. Appellee Metropolitan Condominium Associates of Arizona II (Metropolitan) is a joint venture which consisted of Lewis R. Trigg and Metropolitan Financial Corporation, an Iowa corporation. Metropolitan Financial Corporation is a wholly owned subsidiary of Midland Financial Savings and Loan (Midland), an Iowa savings and loan which during the time period involved here possessed assets totaling approximately $700,000,000.

This lawsuit involves an apartment project located in Tucson, Arizona, known as La Paz Apartments (La Paz). La Paz is on a ground lease and subject to an underlying realty mortgage agreement in which William Lyon Development Co., Inc. (Lyon) is the mortgagor and Pacific Mutual Life Insurance Company (Pacific Mutual) is the mortgagee. On or about December 31, 1970, Esplendido purchased from Lyon its leasehold interest in La Paz. It took this leasehold interest subject to the note and mortgage executed by William Lyon.

On or about March 4, 1971, and October 7, 1971, Pacific Mutual, Lyon and Transamerica Title Insurance Company, as trustee, executed agreements of modification or extension modifying the terms of the realty mortgage agreement between Lyon and Pacific Mutual. In the modification, the interest rate was reduced from 10.25% to 9.5% and the monthly payments were changed. Esplendido signed the modification to evidence its consent thereto but with the express written condition that Esplendido did so "without assuming any liability on the above-described note and mortgage." The mortgage between Pacific Mutual and Lyon contained a due-on-sale clause whereby the mortgagor, Lyon, agreed that it would not attempt to sell, transfer, assign, convey or lease the leasehold interest without the prior written consent of Pacific Mutual and that if it did so, Pacific Mutual had the right to declare the entire debtedness immediately due and payable. The record is clear that Esplendido did not assume the payment of the note and mortgage and never agreed to be bound by any of their terms.

On April 20, 1983, Esplendido sold La Paz to Metropolitan by means of an agree-

ment for sale (First Sale Agreement). The sale was subject to the Pacific Mutual–Lyon mortgage. The purchase price of $3,157,575 was guaranteed by Midland. Five days prior to the closing, Esplendido sought Pacific Mutual's consent to the sale. Pacific Mutual did not consent, but the parties closed the sale anyway. Pacific Mutual did not thereafter take any action.

The First Sale Agreement contained a due-on-sale clause requiring Esplendido's consent to a resale of La Paz. This clause also provided that Esplendido's consent could not be unreasonably withheld.

In January 1984, Metropolitan agreed to sell La Paz to Picerne Development Corporation acting as general partner on behalf of La Paz Apartments Limited Partnership (La Paz, Ltd.). Their written agreement (Second Sale Agreement) provided for a purchase price of $3,875,000. This agreement was conditioned on Esplendido's consent to the sale. On January 27, 1984, Esplendido was requested in writing by Picerne to consent to the La Paz sale. Esplendido refused to consider whether it would give its consent until the consent of Pacific Mutual had first been obtained, and Esplendido refused to ask Pacific Mutual's consent until Metropolitan gave it an agreement to indemnify it if Pacific Mutual took some legal action as a result of the solicitation of its consent. As a result of Esplendido's refusal to consent, the Second Sale Agreement was terminated by Picerne on or about March 12, 1984. After the sale to Picerne was lost, Metropolitan sold La Paz to Griffin on November 1, 1984, for a sale price lower than the proposed Picerne sale.

Esplendido's position at trial and on appeal is that it had a right to withhold its consent until Pacific Mutual's consent to the Picerne sale was received. It has presented us with no law supporting its position. The standard for granting a motion for judgment n.o.v. is the same as the standard for directing a verdict. "The motion for judgment [n.o.v.] can be granted only if the motion for a directed verdict should have been granted." 9 Wright & Miller, Federal Practice & Procedure § 2537 at 599 (1971). "A motion for a directed verdict admits the truth of the opposing party's competent evidence, and if reasonable minds can differ as to the conclusions to draw from that evidence, a directed verdict cannot be granted." *Chambers v. Western Arizona CATV*, 130 Ariz. 605, 607, 638 P.2d 219, 221 (1981). Here, the appellees were entitled to judgment as a matter of law. Esplendido never assumed any of the obligations of the Pacific Mutual–Lyon mortgage. The Pacific Mutual mortgage only provided that *Lyon*, as the mortgagor, could not sell without Pacific Mutual's consent. Since Lyon had already transferred his interest and was not the seller in this case, Pacific Mutual could not have accelerated the payments under the mortgage. Further, the sale agreement between Esplendido and Metropolitan did not condition Esplendido's consent upon the consent of Pacific Mutual. As a matter of law, Esplendido had no right to condition its consent on Pacific Mutual's consent, and it breached the agreement with Metropolitan when it did so.

The evidence was undisputed that the difference in price between the Picerne and Griffin sales was the sum of $729,890. Furthermore, it was undisputed that Metropolitan suffered additional damage in the form of out-of-pocket expenses amounting to $308,337.

Appellee is entitled to its attorney's fees in the trial court and on appeal, which shall be awarded upon compliance with Rule 21(c), Rules of Civil Appellate Procedure, 17A A.R.S.

The order of the trial court is vacated, and the matter is remanded with directions to enter judgment in favor of appellee in the amount of $1,038,227.

LACAGNINA, C.J., and HATHAWAY, J., concur.