778 P.2d 1221

**ESPLENDIDO APARTMENTS, an Arizona limited partnership; David R. Johns and Sandi Johns, husband and wife; Property Management Company of New Mexico, N.S.L., a New Mexico corporation, Defendants/Appellants/Cross–Appellees,**

v.

**METROPOLITAN CONDOMINIUM ASSOCIATION OF ARIZONA II, a joint venture, Plaintiff/Appellee/Cross–Appellant.**

No. CV–88–0344–PR.

Supreme Court of Arizona, In Banc.

July 27, 1989.

Reconsideration Denied Sept. 26, 1989.

Murphy & Posner by Russell J. Zarkou, Mesa, and K. Bellamy Brown, Phoenix, for defendants/appellants/cross-appellees Esplendido Apartments and Property Management Co. of New Mexico, N.S.L.

Storey & Ross, P.C. by Dennis I. Wilenchik and Ann A. Scott Timmer, Phoenix, for defendants/appellants/cross-appellees David R. and Sandi Johns.

Pohlman & Sanders, P.A. by Robert J. Pohlman, Phoenix, for plaintiff/appellee/cross-appellant Metropolitan Condominium Ass'n of Arizona II.

Bonn & Jensen by Jeff C. Padden, Randall D. Wilkins, and Paul V. Bonn, Phoenix, for plaintiff/appellee/cross-appellant Metropolitan Condominium Ass'n of Arizona II.

CAMERON, Justice.

## I.  JURISDICTION

Esplendido Apartments (Esplendido) petitioned this court to review a court of appeals opinion holding that the trial judge erred by not granting Metropolitan Condominium Association's (Metropolitan) motion for judgment notwithstanding the verdict (JNOV).  We have jurisdiction pursuant to Ariz. Const. art. 6, § 5(3), A.R.S. § 12–120.24 and Ariz. R. Civ. App. P. 23, 17B A.R.S.

## II.  ISSUE

We must decide if the trial judge erred by:

1.  Denying Metropolitan's motion for JNOV; and,

· 2.  Granting Metropolitan's motion for a new trial.

## III.  FACTS

In 1970, William Lyon Development Company (Lyon) owned the La Paz Apartments. Lyon held the property subject to a mortgage in favor of Pacific Life Insurance Company (Pacific).  The mortgage included a due-on-sale clause which stated that if the mortgagor sold La Paz without Pacific's consent, Pacific could accelerate the mortgage and declare the entire indebtedness immediately due and payable.  The mortgage also stated that each and every provision therein "shall apply to and respectively bind or inure to the benefit of each of the parties hereto and their respective heirs, devisees, ... executors, administrators, successors and assigns."

In 1971, Esplendido bought a leasehold interest in La Paz from Lyon.  Pacific consented to this transfer.  Esplendido purchased the La Paz property subject to the Pacific mortgage, but did not assume the mortgage.

In 1983, Esplendido sold its interest in La Paz to Metropolitan.  Pacific's consent was requested, but Pacific never responded to this request.  However, the sale to Metropolitan went through because the parties believed Pacific could not reasonably withhold its consent to the sale, given Metropolitan's financial strength.  Metropolitan took La Paz subject to the Pacific mortgage, but did not assume the mortgage. The agreement between Esplendido and Metropolitan also contained a due-on-sale clause that provided that if Metropolitan sold La Paz without Esplendido's consent, Esplendido could declare the entire obligation immediately due and payable.  The due-on-sale clause further stated that Esplendido could not unreasonably withhold its consent.

In 1984, Metropolitan arranged to sell its interest in La Paz to Picerne Development Corporation (Picerne) for $3,875,000.  The sale between Metropolitan and Picerne was originally conditioned upon Pacific's and Esplendido's consent.  However, Pacific refused to consent.  After this refusal, Metropolitan asked Esplendido to request Pacific to consent to the sale.  Esplendido was hesitant to do so because it feared that

Pacific might accelerate the loan immediately because Pacific had never consented to the sale to Metropolitan. Metropolitan assured Esplendido that they did not have to worry because Midland Financial Savings & Loan (Midland),[1] had agreed to purchase the Pacific mortgage if Pacific exercised the due-on-sale clause. Therefore, Esplendido, according to Metropolitan, was insulated from any risk of loss.

Later, Picerne agreed to drop Pacific's consent as a condition to the sale. Thus, only Esplendido's consent was a condition to the sale to Picerne. Esplendido, however, still refused to even consider whether it would consent until Pacific consented to the sale. Esplendido even refused to review Picerne's financial statements before Pacific consented. Metropolitan notified Esplendido that its failure to consent would result in the loss of the Picerne sale and large damages to Metropolitan. Esplendido never consented to the sale and Picerne refused to go through with the sale without Esplendido's consent.[2]

Metropolitan later sold La Paz for $730,000 less than the price Picerne had offered. Metropolitan sued Esplendido for breach of contract and wrongful interference with a contractual or prospective business relationship.

After a lengthy trial, the jury returned a verdict for Esplendido. Metropolitan moved for judgment notwithstanding the verdict (JNOV) and, in the alternative, for a new trial. The trial judge denied Metropolitan's motion for JNOV, but granted Metropolitan's motion for a new trial on grounds that she had erred by not giving specific jury instructions requested by Metropolitan. Esplendido appealed the trial judge's ruling granting a new trial and Metropolitan cross-appealed based on the trial judge's failure to grant its motion for JNOV.

The Court of Appeals, Division Two, held that the trial court erred by not granting Metropolitan's motion for JNOV for two reasons. First, the due-on-sale clause was not binding upon either Esplendido or Metropolitan because neither party had "assumed" the mortgage, but instead took the property "subject to" the mortgage. The court of appeals stated that the Pacific mortgage "only provided that *Lyon*, as the mortgagor, could not sell without Pacific Mutual's consent. Since Lyon had already transferred his interest and was not the seller in this case, Pacific Mutual could not have accelerated the payments under the mortgage." *Esplendido Apartments v. Metropolitan Condominium Ass'n*, 158 Ariz. 487, 489, 763 P.2d 983, 985 (App.1988) (emphasis in original).

Second, the court of appeals held that the trial judge erred because the sale agreement between Esplendido and Metropolitan did not condition Esplendido's consent upon Pacific's consent. "As a matter of law, Esplendido had no right to condition its consent on Pacific Mutual's consent, and it

---

1. Metropolitan Condominium Associates of Arizona II (Metropolitan) is a joint venture which consists of Lewis R. Trigg and Metropolitan Financial Corporation, an Iowa corporation. Metropolitan Financial Corporation is a wholly-owned subsidiary of Midland Financial Savings and Loan (Midland), an Iowa savings and loan, which during the time period involved here possessed assets exceeding $700,000,000.

2. The evidence indicates that as of March, 1983, Metropolitan owed Esplendido approximately $1,200,000 over and above the amount owed Pacific Mutual and that Metropolitan was paying 9% interest when the market rate was 13%. Esplendido may have wanted to be bought out or had the interest rate renegotiated. This would not have been surprising. As the Massachusetts Supreme Court has stated:

> At the outset, we note that the historic purpose of the due-on-sale clause was to protect the lender's security interest (*Holiday Acres No. 3 v. Midwest Fed. Sav. & Loan Ass'n*, 308 N.W.2d 471, 480 [Minn.1981] ), but with the advent of inflationary increases in the cost of borrowing money the clause has been used to protect the lender against other risks involved in the long-term loans associated with home finance. "The interest rate fluctuation is evidently a, indeed *the*, principal underlying characteristic of home lending activities which leads lenders to insist on due-on-sale clauses."

*Dunham v. Ware Sav. Bank*, 384 Mass. 63, 67, 423 N.E.2d 998, 1001 (1981) (quoting *Williams v. First Fed. Sav. & Loan Ass'n*, 651 F.2d 910, 927 (4th Cir.1981) (emphasis in original)). *See also First Nat'l Bank v. Caruthers*, 443 So.2d 861, 862 (Miss.1983).

breached the agreement with Metropolitan when it did so." *Id.*

The court of appeals held that Metropolitan was entitled to judgment as a matter of law and vacated the trial court's order denying Metropolitan's motion for JNOV. The court of appeals also awarded attorney's fees to Metropolitan.

Esplendido filed a petition for review in this court, which we granted.

## IV. DISCUSSION

■ Esplendido argues that the court of appeals erred in holding that, because neither Esplendido nor Metropolitan had assumed the mortgage, the due-on-sale clause was not binding on either party. We agree with Esplendido. The mere fact that Esplendido and Metropolitan took the property subject to the mortgage rather than assumed the mortgage does not destroy the viability of Pacific's due-on-sale clause. Admittedly, the Pacific mortgage states only that the "mortgagor" must obtain Pacific's consent before selling the property, and "mortgagor" is defined in the mortgage as Lyon. However, the mortgage also states that each provision is binding upon the parties' assigns and successors. We stated in *Del Rio Land, Inc. v. Haumont,* that:

> A purchaser who buys real property subject to a mortgage ... takes the land subject to the encumbrances without a personal obligation to pay the mortgage, but subjects himself to loss of the property if the mortgage debt is not paid. *Shepherd v. May,* 115 U.S. 505, 6 S.Ct. 119, 29 L.Ed. 456 (1885).

110 Ariz. 7, 9, 514 P.2d 1003, 1005 (1973). *See Arizona Title Ins. & Trust Co. v. Smith,* 21 Ariz.App. 371, 374, 519 P.2d 860, 863 (1974) ("subject to" means "burdened with" in the context of real property sales).

■ When property is transferred subject to an existing mortgage, the terms and obligations of that mortgage are not extinguished, but remain as a lien upon the transferred property without imposing any personal liability upon the grantee. Without this protection, a lender might not feel secure enough to make a loan. As the Colorado Supreme Court has said:

> In some ways, the lender's interest in ensuring the credit-worthiness of a purchaser who takes "subject to" the mortgage is actually greater than in the case of an outright sale. An assuming buyer has personal liability on the note, giving him an incentive to maintain the security. A purchaser who merely takes "subject to" has less at stake should default occur, as he will not be liable for a deficiency judgment.

*Income Realty & Mortg. v. Columbia Sav. & Loan,* 661 P.2d 257, 261 (Colo.1983).

We note that in addition to the due-on-sale clause, the Pacific mortgage also states that "mortgagor" shall pay the property taxes and the promissory note according to the mortgage terms. Under the reasoning of the court of appeals' opinion, Pacific would have had no right to accelerate the loan if Esplendido failed to comply with these clauses because Esplendido did not assume the mortgage and because the mortgage specifically defined Lyon as the "mortgagor." We see no reason for distinguishing between the clauses requiring payment of the note and taxes and the due-on-sale clause. Nor do we see any justification for holding that the other clauses were binding upon Esplendido and Metropolitan, but the due-on-sale clause was not.

Metropolitan argues, however, that a distinction exists between the other clauses and the due-on-sale clause that explains why the due-on-sale clause is not binding upon Esplendido and Metropolitan while the other clauses must be obeyed. The distinction, Metropolitan states, is that the due-on-sale clause was a discharged covenant, whereas the other clauses, such as the clauses requiring payment of the note and taxes, were executory covenants. Metropolitan would enforce the other executory mortgage covenants but not the due-on-sale clause because it was a "promise that was fully executed, performed and discharged at the time of Lyon's transfer to Esplendido." Response to Petition for Review at 15. We do not agree.

■ We believe the due-on-sale clause was a condition rather than a covenant. A condition generally indicates the terms on which a certain right will arise. 21 C.J.S. *Covenants* § 1, at 884 (1940). The due-on-sale clause was a condition which gave Pacific the ongoing right to accelerate the loan upon any unconsented-to transfer.

We also note that when interpreting mortgages, courts will try to allow for the intent of the parties. *Ruhsam v. Ruhsam*, 110 Ariz. 326, 328, 518 P.2d 576, 578 (1974), *supplemented*, 110 Ariz. 426, 520 P.2d 298 (1974); *Carpenter v. Riley*, 234 Kan. 758, 763, 675 P.2d 900, 905 (1984). Esplendido argues that the court of appeals' opinion completely undermines the intentions of the parties. We agree.

We believe both Pacific and Lyon as well as Esplendido and Metropolitan intended that the successors of all parties be bound by all the provisions of the mortgage, including the due-on-sale clause.

Indeed, the sale agreement between Esplendido and Metropolitan acknowledges the fact that Pacific's due-on-sale clause was still viable and applied to Esplendido. In that agreement, Esplendido agreed to submit Metropolitan's financial statements to Pacific and to request Pacific's consent before La Paz was to be sold by Esplendido to Metropolitan. The sale agreement stated:

> The parties believe that the holder of the La Paz mortgage [Pacific] cannot legally or properly withhold its consent to such a conveyance to an entity with the financial strength, experience and reputation of Buyer [Metropolitan]. In the event such holder should fail or refuse to provide such consent prior to the date of close of escrow, the parties shall, nevertheless, proceed to close escrow and in the event such holder should contend that the conveyance of La Paz constitutes a default under the La Paz mortgage and attempts to increase the rate of interest on the loan, accelerate the balance due on the loan or foreclose the La Paz mortgage or security agreement, Seller [Esplendido] shall defend against such action. . . .

The fact that Esplendido never obtained Pacific's consent for the sale to Metropolitan does not indicate that the parties did not believe Pacific's due-on-sale clause was still viable. Indeed, the parties went ahead with the sale only because the parties believed Pacific could not reasonably withhold its consent.

## V. DENIAL OF MOTION FOR JUDGMENT NOTWITHSTANDING THE VERDICT

Because we hold that Pacific's due-on-sale clause was binding on Esplendido and Metropolitan, we cannot find, as a matter of law, that it was unreasonable for Esplendido to condition its consent upon Pacific's consent.

■ Metropolitan argues, however, that, even if Pacific's due-on-sale clause was binding on Esplendido and Metropolitan, it was still unreasonable, as a matter of law, for Esplendido to withhold its consent because Midland had agreed to indemnify Esplendido in the event of a foreclosure by Pacific. We agree that Esplendido could not withhold its consent to the transfer unless its security was in jeopardy. *Snow v. Western Sav. & Loan Ass'n*, 152 Ariz. 27, 31, 730 P.2d 204, 208 (1986). However, we do not agree that the trial court could rule as a matter of law that Esplendido's security was not in jeopardy just because of Midland's indemnity offer. We believe the question of whether Midland's offer was sufficient to protect Esplendido's security is a question for the jury and not one which can be decided as a matter of law.

We hold that the trial judge did not err by denying Metropolitan's motion for JNOV.

## VI. DID THE TRIAL COURT ERR BY GRANTING METROPOLITAN'S MOTION FOR A NEW TRIAL?

■ Normally, an order granting a new trial will not be set aside on appeal unless the trial court has abused its discretion. *Caldwell v. Tremper*, 90 Ariz. 241, 245, 367 P.2d 266, 269 (1962). One exception to this rule is when the trial court, in its order

**330**

granting a new trial, does not specify with particularity the reason for granting the new trial, as Rule 59(m), Ariz. R. Civ. P., requires. When the trial court does not comply with Rule 59(m), the burden shifts and the party who made the motion for a new trial must convince the reviewing court that the trial court did not err in ordering a new trial. *Yoo Thun Lim v. Crespin*, 100 Ariz. 80, 83, 411 P.2d 809, 811 (1966).

■ In granting Metropolitan's motion for a new trial, the trial judge stated:

I find that there were errors that occurred during the trial that justify the granting of the motion for new trial. ... Primarily I'm granting the motion for new trial because of errors in the jury instructions; primarily that of anticipatory repudiation. It appears that this issue did not become at issue until such time as the Defendants ... took the witness stand and said, "We did not withhold our consent". I think at that point the theory became an issue and the Plaintiff was entitled to jury instructions on that.

So, with great reluctance, I grant the Plaintiff's motion for new trial.

Rule 59(m) is satisfied when "both parties and the appellate courts receive adequate notice of the grounds on which the trial court relied." *Reeves v. Markle*, 119 Ariz. 159, 164, 579 P.2d 1382, 1387 (1978) (*quoted in Keller v. Keller*, 137 Ariz. 447, 449, 671 P.2d 425, 427 (1983)). We believe the trial court's order from the bench was specified with the necessary degree of particularity to meet this test.[3] Therefore, our standard of review in determining whether to re-instate the jury verdict or to remand the matter for a new trial is whether the trial judge abused her discretion in granting Metropolitan's motion for a new trial.

■ We find no abuse of discretion on the part of the trial judge in granting the motion for a new trial. *See Adroit Supply Co. v. Electric Mut. Liab. Ins. Co.*, 112 Ariz. 385, 389, 542 P.2d 810, 814 (1975) (grant or denial of motion for new trial is within sound discretion of trial court, and reviewing court will not upset trial court's ruling thereon absent clear showing of abuse of discretion); *Estabrook v. J. C. Penney Co.*, 105 Ariz. 302, 305, 464 P.2d 325, 328 (1970) ("trial judge has considerable latitude in awarding a new trial, and except in cases where his broad discretion is clearly abused an appellate court will not overturn his action").

We believe evidence existed which could support the giving of an anticipatory breach instruction and, therefore, the trial judge did not abuse her discretion in granting a new trial.

### VII. ATTORNEY'S FEES

Because we remand this case to the trial court for a new trial, we do not reach the issue of attorney's fees. Neither party has yet prevailed in the action and thus no determination on attorney's fees is necessary at this point.

### VIII. DISPOSITION

The court of appeals' opinion is vacated. This case is remanded to the trial court for a new trial.

GORDON, C.J., FELDMAN, V.C.J., and MOELLER and CORCORAN, JJ., concur.

---

3. *Compare State ex rel. Herman v. Hague*, 10 Ariz.App. 404, 406–07, 459 P.2d 321, 323–24 (1969) (order granting a new trial which stated that "the verdict and judgment previously entered herein granted insufficient damages to the Defendants" met the Rule 59(m) requirements of particularity) *and Arizona Refrigeration Supplies, Inc. v. Brookshire*, 13 Ariz.App. 481, 482–83, 477 P.2d 767, 768–69 (1970) (order granting new trial because court erred by giving contributory negligence instructions when no evidence supported any theory of contributory negligence), satisfied Rule 59(m)) *with Montalvo v. Hartford Fire Ins. Co.*, 5 Ariz. App. 419, 420, 427 P.2d 553, 554 (1967) (order for new trial did not meet Rule 59(m) when order was silent as to the grounds for granting the new trial) *and Caldwell v. Tremper*, 90 Ariz. 241, 245, 367 P.2d 266, 268 (1962) (order granting new trial because the "judgment and verdict [were] contrary to the law and evidence" and because the court failed "to properly instruct the jury" did not satisfy Rule 59(m)'s particularity requirements).