NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Marriage of:

JANAE TRKULA, *Petitioner/Appellant,*

*v.*

GERALD TRKULA, *Respondent/Appellee.*

No. 1 CA-CV 15-0598 FC
FILED 4-28-2016

Appeal from the Superior Court in Maricopa County
No. FC2014-095680
The Honorable Joseph Sciarrotta, Judge, *Retired*

**AFFIRMED**

COUNSEL

Modern Law, Mesa
By Kevin Joseph Vale
*Counsel for Petitioner/Appellant*

Blumberg & Associates, Phoenix
By Bruce E. Blumberg
*Counsel for Respondent/Appellee*

## MEMORANDUM DECISION

Judge Donn Kessler delivered the decision of the Court, in which Presiding Judge Peter B. Swann and Judge Lawrence F. Winthrop joined.

**K E S S L E R**, Judge:

¶1        Appellant Janae Trkula ("Mother") appeals the family court's entry of a consent decree as a final order pursuant to Arizona Rule of Family Law Procedure ("Rule") 81.  For the reasons stated below, we affirm.

### FACTUAL AND PROCEDURAL HISTORY

¶2        Mother filed a Petition for Dissolution of Marriage in October 2014.  In June 2015, Mother and Father participated in a two-day settlement conference and reached an agreement pursuant to Rule 69[1] (the "Agreement").  The family court read the terms of the Agreement on the record and found the Agreement "reached by the parties . . . [was] in the parties' best interests, [was] fair and equitable, constitute[d] a binding agreement under Rule 69," and was immediately enforceable as an order of the court.  As discussed more fully below, the parties affirmed to the court at the settlement conference that there were no other issues to discuss.  The court then ordered Father to submit a consent decree based on the parties' Agreement within two weeks (the "Decree").

¶3        One month later, Father filed a Notice of Lodging Decree, claiming that Mother refused to sign the Decree, sought to change the parties' agreements, and demanded additional discovery. Mother objected, arguing that the Decree, as drafted by Father, was not faithful to the agreements reached at the settlement conference.  After reviewing the Decree, the family court found the Decree "conform[ed] to the agreements reached by the parties and the settlement conference held before the Court," overruled Mother's objection, and signed the Decree as a final order

---

[1] "An agreement between the parties shall be valid and binding if the agreement is in writing; the terms of the agreement are set forth on the record before a judge . . . ; or the terms of the agreement are set forth on any audio recording device before a mediator or settlement conference officer appointed by the court pursuant to Rule 67."  Rule 69.

pursuant to Rule 81.  Despite their disagreement over the form of the Decree, the parties agree that the Agreement reached at the settlement conference resulted in a binding Rule 69 agreement.

**¶4**		Mother timely appealed.  We have jurisdiction pursuant to Article 6, Section 9 of the Arizona Constitution, and Arizona Revised Statute ("A.R.S.") § 12-2101(A) (Supp. 2015).[2]

## DISCUSSION

**¶5**		Mother argues the family court erred in entering the Decree as a final order without her signature and over her objection because (1) the Decree altered or added to the terms of the Agreement and (2) the Agreement was not intended to be a complete settlement of all issues.  We disagree.

**¶6**		Parties to a divorce may settle and adjust all property rights growing out of the marital relation by agreement.  *Keller v. Keller*, 137 Ariz. 447, 448 (App. 1983); Rule 67(D).  Settlement is but one of several avenues available to parties who wish to divorce without going to trial.  *See* Rule 45 ("Whenever the petitioner and respondent agree to the terms of a legal separation, annulment, dissolution, paternity, or maternity action, the parties may elect to proceed by Consent Decree, Order, or Judgment without hearing . . . .") and 67 (allowing divorcing parties to engage in mediation, arbitration, and settlement).

**¶7**		Rule 67(D) provides the rules applicable to settlement conferences and agreements in the context of divorce.  Although dissolution of a marriage by consent decree requires the parties' signatures, Rule 45(B)(1), Rule 67(D)(5) clarifies that a judge conducting a settlement conference may sign "any Decree of Dissolution presented that conforms to the agreements reached by the parties." Rule 67(D)(5).

**¶8**		Although Mother urges us to review entry of the Decree *de novo*, the determination whether a consent decree conforms to the parties' settlement agreement is a factual determination. We will not disturb the court's factual determinations unless they are clearly erroneous.  *See Danielson v. Evans*, 201 Ariz. 401, 406, ¶ 13 (App. 2001).  A finding of fact is not "clearly erroneous" if substantial evidence supports it, even though there might be substantial conflicting evidence.  *Moore v. Title Ins. Co. of Minnesota*, 148 Ariz. 408, 413 (App. 1985).  We will not reweigh the evidence

---

[2] We cite the current version of applicable statutes when no revisions material to this decision have occurred.

and will construe the evidence in the light most favorable to affirming the court. *Castro v. Ballesteros-Suarez*, 222 Ariz. 48, 51, ¶ 11 (App. 2009).

¶9            After reviewing the transcript of the settlement conference, we conclude sufficient evidence exists on the record to support the family court's determination that the Decree conformed to the Agreement and the Agreement was intended to be a complete settlement.  First, the Decree accurately represents the provisions of the Agreement that Mother highlights in her brief.  As Mother notes, one Decree provision does not adhere literally to the language of the settlement transcript: the parties had agreed on the record that Father would pay Mother a lump sum representing "mother's share in the equity . . . on the home,[3] and spousal maintenance and any unpaid or unreimbursed children [sic] expenses," but the Decree stated that the sum also represented "an equitable division of the marital assets."    However, this additional language in the Decree merely states the status of the parties' affairs after the parties affirmed to the court that there were no further issues to discuss; by dividing their property by agreement, the parties relieved the court of its duty to undertake equitable division of the community.  A.R.S. § 25-318 (Supp. 2015) ("[The court] shall . . . divide the community, joint tenancy and other property held in common equitably, though not necessarily in kind . . . .").  The provision of the Decree is therefore a substantially accurate statement of the parties' Agreement and the legal effect of that Agreement.

¶10            Second, the record does not support Mother's argument that there were property issues left unresolved in the Agreement.  In her objections to the proposed Decree filed in the family court, Mother contended that there were unresolved issues of several bank accounts, Father's federal retirement benefits, pension and unpaid sick leave, and her property in Father's possession.  However, the Agreement addressed the return of Mother's property in Father's possession and the division of a 401(K) by QDRO.  Father's response to the objections was, in part, that most of these issues were subject to a discovery dispute that had been waived by entry of the Agreement.

¶11            The trial court's determination that the Agreement was complete is supported by the parties' representation to the settlement judge that there was nothing else to discuss about the Agreement after the court had read the terms into the record and instructed Father's counsel to prepare and file a consent decree. *See also* Rule 67(D)(5) (providing that the

---

[3] The home was Father's sole and separate property, but Mother had a marital lien on the home.

parties shall acknowledge that any agreement is "intended to be a final binding agreement pursuant to these rules . . . ."). When the court recorded the terms of the Agreement and ordered preparation of a consent decree, Mother did not voice objection that the Agreement was incomplete. Her failure to do so waived any argument that the Agreement was only partial in scope. *See Amparano v. ASARCO, Inc.*, 208 Ariz. 370, 374, ¶ 13 (2004) (stating that failure to raise an issue in the trial court constitutes waiver of issue on appeal). Finally, Mother made no objection to Father's disclosures during the dissolution proceeding, and Mother has not alleged fraud or undue influence. *See In re Henry's Estate*, 6 Ariz. App. 183, 185-86 (1967) ("[A] property settlement agreement entered into by the parties in contemplation of divorce is valid, and, in the absence of fraud or undue influence, is binding on the parties.")

¶**12**         We also reject Mother's argument that the family court implicitly recognized other issues had to be addressed by ordering the parties to put the terms of the Agreement into a written decree after the conference. The Rules clearly provide the court with the option of having a decree prepared and entering the decree. *See* Rule 70(B) ("[T]he court may require the parties to place their agreement on the record in accordance with Rule 69 . . . or make such other orders as are reasonable under the circumstances to ensure that a final judgment, decree, or order is entered."); Rule 67(D)(5) (After ensuring the agreement has been reached, the judge "shall make any findings necessary to approve the agreement . . . and may sign any Decree of Dissolution presented that conforms to the agreements reached by the parties."). Additionally, the court did not indicate that the Agreement was to be a partial agreement during the conference, and the court did not report a partial judgment after the conference. *See* Rule 67(D)(7) ("If no or partial agreement is reached in the settlement conference, the settlement conference judge or commissioner shall file a brief report with the court stating that the parties met and attempted to resolve their differences, but the settlement conference was unsuccessful.") By requiring submission of a consent decree to conclude the matter without any indication that unresolved issues remained, the family court and the parties recognized at the time the Agreement was read into the record that the Agreement was intended to resolve all issues pending before the court.

¶**13**         In light of these facts, the court did not abuse its discretion when it signed the Decree pursuant to Rule 67(D)(5) and entered the Decree pursuant to Rule 81.

## CONCLUSION

**¶14** For the foregoing reasons, we affirm. Father seeks an award of attorneys' fees pursuant to A.R.S. §§ 25-324(A) (Supp. 2015), -324(B)(1)-(3), Rule 78(D), and ARCAP 25 on appeal. Mother also seeks an award of fees and costs on appeal. We decline to award fees to either party. As the prevailing party on appeal, we will award taxable costs on appeal to Father upon his compliance with ARCAP 21.



Ruth A. Willingham · Clerk of the Court
FILED: ama