NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Matter of the Estate of:

JON ALAN MCCLURE, *Deceased.*

DINA INTERIOR, *Petitioner/Appellee,*

*v.*

JAMES ALLAN MCCLURE, *Respondent/Appellant.*

No. 1 CA-CV 24-0196 PB

FILED 10-17-2024

Appeal from the Superior Court in Mohave County
No. B8015PB201904048
The Honorable Kenneth Gregory, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Law Offices of Daniel J. Oehler, Bullhead City
By Daniel J. Oehler
*Counsel for Petitioner/Appellee*

Knochel Law Offices, Bullhead City
By Keith S. Knochel
*Counsel for Respondent/Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge Cynthia J. Bailey delivered the decision of the Court, in which Judge Anni Hill Foster and Judge Angela K. Paton joined.

---

**B A I L E Y**, Judge:

¶1        James McClure appeals the superior court's judgment for Dina Interior on McClure's petition to remove Interior as the personal representative of his father's ("Decedent") estate and McClure's request for declaratory judgment. McClure argues the court erred by concluding (1) Arizona Revised Statutes ("A.R.S.") section 33-405(A) did not convert a home equity line of credit ("HELOC") balance to Interior's personal obligation and (2) Interior could pay off the HELOC before the creditor presented a claim. For the following reasons, we affirm.

**FACTS AND PROCEDURAL HISTORY**

¶2        As part of his regular business practice before his death, Decedent took out a HELOC from Bank of America to finance the development of a property (the "McCormick" residence). The loan was secured by a deed of trust on Decedent's home ("Indian Head"). Decedent executed a beneficiary deed naming Interior as grantee beneficiary to Indian Head, meaning title to Indian Head would transfer to Interior when Decedent died. Decedent also executed a will, which nominated Interior as his estate's personal representative and specified that the estate residue be distributed equally between McClure and Interior.

¶3        After Decedent's death, Interior continued developing McCormick and eventually sold the property. Interior paid off the HELOC's balance, using proceeds from the sale; the remaining proceeds became residue of the estate. Interior then filed her first inventory and appraisement, listing the McCormick sale and the HELOC loan payment. She petitioned the superior court to approve her interim accounting and to distribute the residue from the McCormick sale and other accounts. The superior court granted Interior's petition, and she transferred to McClure his portion of the McCormick sale proceeds.

¶4        McClure petitioned the superior court to remove Interior as personal representative and requested declaratory judgment, arguing she

2

had no authority as personal representative to pay off the HELOC with estate assets. Both parties briefed the issue, and the superior court held oral argument. The superior court granted "summary judgment"[1] for Interior, concluding that A.R.S. § 33-405(A) did not convert the HELOC into Interior's personal obligation. The court also found that she did not exceed her authority by paying the HELOC balance.

**¶5** McClure timely appealed the superior court's order. We have jurisdiction pursuant to A.R.S. § 12-2101(A)(1).

## DISCUSSION

**¶6** McClure argues the superior court erred by concluding (1) A.R.S. § 33-405(A) did not convert the HELOC into Interior's personal obligation, and (2) Interior could pay off the loan before Bank of America presented a claim.

**¶7** We review the superior court's grant of summary judgment de novo. *In re Estate of Waterloo*, 226 Ariz. 492, 494, ¶ 6 (App. 2011). We also review the interpretation of statutes de novo. *Premier Physicians Grp., PLLC v. Navarro*, 240 Ariz. 193, 194, ¶ 6 (2016). When a statute's language is clear, we must follow its plain meaning and not resort to other methods of statutory interpretation. *N. Valley Emergency Specialists, L.L.C. v. Santana*, 208 Ariz. 301, 303, ¶ 9 (2004) (citations omitted).

### I. The superior court did not misinterpret A.R.S. § 33-405(A).

**¶8** McClure contends the superior court's interpretation of A.R.S. § 33-405(A), which defines beneficiary deeds, was erroneous. We disagree. The superior court held: (1) A.R.S. § 33-405(A) "merely confirms that a grantee beneficiary receives title in the condition it was in at the time of the grantor's death," (2) the statute "confirms that [Interior] took title to Indian Head subject to Bank of America's lien interest," (3) the indebtedness was incurred by the Decedent and was owed by the Estate regardless of the security, and (4) interpreting the statute in any other way "would make unsuspecting grantee beneficiaries personally liable for debts they did not incur."

**¶9** Here, the language in A.R.S. § 33-405(A) is clear:

---

[1] The court granted Interior "summary judgment," but neither party moved for summary judgment under Ariz. R. Civ. P. 56.

A deed that conveys an interest in real property, including any debt secured by a lien on real property, to a grantee beneficiary designated by the owner and that expressly states that the deed is effective on the death of the owner transfers the interest to the designated grantee beneficiary effective on the death of the owner *subject to all conveyances, assignments, contracts, mortgages, deeds of trust, liens, security pledges and other encumbrances* made by the owner or to which the owner was subject during the owner's lifetime.

(Emphasis added.)

¶10        In the context of property transactions, "subject to" means "burdened with." *Ariz. Title Ins. & Tr. Co. v. Smith*, 21 Ariz. App. 371, 374 (1974). In *Esplendido Apartments v. Metropolitan Condominium Association of Arizona II*, 161 Ariz. 325, 328 (1989), our supreme court explained what it means to purchase property "subject to" a mortgage. There, the court held that "[w]hen property is transferred *subject to* an existing mortgage, the terms and obligations of that mortgage are not extinguished, but remain as a lien upon the transferred property without imposing any personal liability upon the grantee." *Id.* (emphasis added).

¶11        "Subject to" carries the same meaning in A.R.S. § 33-405(A). Although A.R.S. § 33-405(A) does not address the sale of real property, we see no reason to assign a different meaning to "subject to" when real property is transferred from one party to another through a beneficiary deed rather than a sale. The superior court correctly found A.R.S. § 33-405(A) did not convert the HELOC into Interior's personal obligation.

## II.        Interior had authority to unilaterally pay the HELOC balance.

¶12        The superior court relied on A.R.S. § 14-3809 and our ruling in *Binder v. Fruth*, 150 Ariz. 21 (App. 1986), to find Interior had authority to pay the remaining HELOC balance. Section 14-3809 describes how to value a secured creditor's claim and the various remedies available to creditors. *Binder* held that § 14-3809 does not limit a creditor's authority under the common law to select a remedy. 150 Ariz. at 24. However, neither the statute nor *Binder* necessarily empowered Interior to pay the HELOC balance before Bank of America presented a claim. Her authority to pay the claim is governed by statutory claim payment guidelines.

¶13        *"The personal representative at any time may pay any just claim which has not been barred, with or without formal presentation*[.]" A.R.S. § 14-3807(B) (emphasis added). Otherwise, "[o]n the expiration of the earlier of

the time limitations prescribed in § 14-3803 for the presentation of claims, the personal representative shall proceed to pay the claims allowed against the estate in the order of priority prescribed[.]" A.R.S. § 14-3807(A).

**¶14** Here, Interior properly exercised her authority under A.R.S. § 14-3807(B) to pay the HELOC balance amount before Bank of America presented a claim. As discussed above, the claim was a valid claim against the estate, and the limitations period for presenting a claim had not expired when Interior paid the HELOC balance.[2] And, McClure cannot argue his right to the estate residue constituted a claim. *See* A.R.S. § 14-1201(8). Accordingly, Interior had authority to pay Bank of America the outstanding HELOC balance.

### III. We award Interior attorneys' fees and costs.

**¶15** Interior requests attorneys' fees and costs pursuant to A.R.S. § 14-3720. Interior proceeded in this litigation in good faith. We award Interior taxable costs and reasonable attorneys' fees, in an amount to be determined upon her compliance with Rule 21, ARCAP.

### CONCLUSION

**¶16** We affirm.



AMY M. WOOD • Clerk of the Court
FILED:  AGFV

---

[2] Bank of America was a known creditor of the estate which required Interior to provide written notice of her appointment and the need to present a claim. A.R.S. § 14-3801(B). No evidence in the record indicates Interior provided the required notice. As a result, the limitations period had not begun to run when Interior paid the HELOC.